SIMPSON, TREASURER, *v*. STATE OF INDIANA, EX REL. EISLER ET AL.

[No. 22,212. Filed November 26, 1912. Rehearing denied January 29, 1913.]

1. MUNICIPAL CORPORATIONS.—*Ordinances.—Power to Repeal.*—As a general rule the power to enact ordinances implies power also to repeal them, but the rule does not apply as to an ordinance which has been enacted under a narrow, limited grant of authority to do a single designated thing in the manner and at the time fixed by the legislature. p. 200.

2. INTOXICATING LIQUORS.—*Regulation.*—*License Fees.*—*Powers of Municipal Corporations.*—*Statutes.*—Whether it was the legislative intent, by the provisions of §23 of the Proctor Law (Acts 1911 p. 244) fixing the license fees to be charged for licenses to sell intoxicating liquors, to limit the authority of city councils over the fees for city licenses to the one act therein specifically authorized, is to be deduced from the language used and the apparent object of the statute. p. 201.

3. STATUTES.—*Provisos.*—*Purpose of Proviso.*—The office of a proviso in a statute generally is either to except something from the enacting clause, or to qualify or to restrain its generality. p. 201.

4. STATUTES.—*Provisos.*—*Construction.*—A proviso in a statute is to be strictly construed and limited to the objects fairly within its terms. p. 201.

5. MUNICIPAL CORPORATIONS. — *Powers.* — Municipal corporations have only those powers granted in express words, those necessarily implied and incident to the powers expressly granted, and those indispensable to the declared objects and purposes of the corporation, and all doubtful claims of power are to be resolved against them. p. 201.

6. INTOXICATING LIQUORS.—*Power to Regulate.*—*Municipal Corporations.*—Sovereign power to regulate, control and license the liquor traffic is vested in the legislature, and municipal corporations, being but agencies of the State, have only such power to fix license fees for the sale of intoxicating liquors as is granted to them by the legislature. p. 202.

7. INTOXICATING LIQUORS.—*Regulation.*—*License Fees.*—*Powers of Municipal Corporation.*—*Statutes.*—Section 23 of the Proctor Law (Acts 1911 p. 244) fixing the license fees to be charged for licenses to sell intoxicating liquors, is antagonistic to clause 40 of §53 of the act of 1905 (Acts 1905 p. 219) giving municipal corporations certain discretionary authority as to licensing the sale of intoxicating liquors and the fee to be charged, and, construing the proviso of said §23 of the Proctor Law with the enacting clause, it is clear that cities were thereafter without control over the question except to elect, in the time and manner in said section provided, what the amount of the fee shall be within the limits fixed by the legislature, and the election so made is not subject to change. p. 202.

8. MUNICIPAL CORPORATIONS.— *Ordinances.*—*Validity.*— *Repeal of Ordinance Fixing License Fee Under Proctor Law.*—A city ordinance purporting to repeal an ordinance enacted pursuant to §23 of the Proctor Law (Acts 1911 p. 244), fixing the fee to be charged for licenses to sell intoxicating liquors, is without legislative authority and void. p. 204.

From Lake Superior Court; *Johannes Kopelke,* Judge.

Action for mandate by the State of Indiana, on the relation of Sigmund Eisler and others, against Ernest C. Simpson, Treasurer of the City of Gary. From a judgment for relator, the defendant appeals. *Reversed.*

*Hodges & Ridgely,* for appellant.

*McAleer Bros.* and *McGirr & Bretsch,* for appellees.

Cox, J.—This was an action for mandate brought under the act of March 6, 1911 (Acts 1911 p. 541), which abolished the writ of mandate and provides that the causes of action theretofore remedial by means of such writs shall exist and be remedial by complaint and summons, in the name of the State on relation of the party in interest, as other civil actions. This appeal involves a construction of §23 of the act approved March 4, 1911 (Acts 1911 p. 244), known as the Proctor Law, which section reads as follows: "Every person, firm or corporation to whom a license for the sale of intoxicating liquors at retail or any renewal thereof is granted, shall, before making any sales of intoxicating liquors under such license, or renewal, pay into the treasury of said township, city or incorporated town, the license fees as follows, to wit: That if such premises are located within the corporate limits of any city of the first and second classes, or within four miles thereof, the city shall charge a license fee of three hundred ($300) dollars; if within the corporate limits of any other city or within two miles of such corporate limit, the sum of two hundred ($200) dollars; and if within the corporate limits of any incorporated town or within two miles of the corporate limits thereof, the sum of one hundred and fifty ($150) dollars; if located without the corporate limits of any city or incorporated town and not within the distance from such city or incorporated town as hereinabove provided, the sum of fifty ($50) dollars shall be paid into the treasury of the township: *Provided,* That the common council of any city or the board of trustees of any incorporated town may in-

crease such license fee as follows: In cities of the first and second classes, or within four miles thereof, and in any other city or within two miles thereof, to an amount not exceeding five hundred ($500) dollars; and in any incorporated town or within two miles thereof to an amount not exceeding three hundred ($300) dollars. But no such city or town shall have any power so to increase such fees unless the same be done within thirty days from the time this act takes effect: *Provided further,* That where such premises are so located as that the sum to be paid by any such licensee as herein provided will be payable to more than one city or town, such sum shall be paid to the city or town in such county nearest such premises, and where such premises are located in any city or town no sum or sums shall be paid to any other city, and no city or incorporated town shall hereafter have the right in any manner to charge or collect any license fee for the sale of intoxicating liquors in excess of the amounts fixed or authorized by this act."

On March 20, 1911, within thirty days from the time the act took effect, the city of Gary, then a city of the State of the fourth class, provided by ordinance duly enacted that the license fee to be exacted under the authority of §23 should be the maximum sum of $500. On February 19, 1912, the common council of the city passed an ordinance which was duly approved by the mayor and which purported to repeal the former ordinance by which the city had fixed the license fee at $500. On May 6, 1912, the relator, Eisler, was granted a license to sell intoxicating liquors at retail in the city of Gary by the board of commissioners of Lake County and on May 7, 1912, he produced and exhibited his county license to the controller and to the city treasurer, tendered $201 and demanded a city license. The demand was refused and this action was to compel these officers to accept the sum named and issue to

the relator a city license.  They demurred to the complaint of the relator, which was based upon the facts above stated, on the ground that the complaint did not state facts sufficient to state a cause of action.  Wherein the complaint failed to state facts sufficient was pointed out in a memorandum which was a part of the demurrer in accordance with the act concerning proceedings in civil cases approved March 4, 1911 (Acts 1911 p. 415) ; *see State, ex rel.,* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417.  It was that the common council of the city of Gary had no authority to repeal the ordinance which fixed the city license fee at $500.  This demurrer was overruled and this action of the trial court presents the only question involved in the appeal.

In an effort to sustain the action of the lower court, counsel for appellee relator seem to rest their cause on two propositions:  (1) that the common council of the city of Gary, having been given authority to enact an ordinance fixing the license fee for the sale of liquors within the limits of its jurisdiction, this delegated authority carried with it by implication the power to repeal the ordinance;  (2) that the repealing ordinance was within the grant of power made to the common council of every city of the State by clause 40 of §53 of the act concerning municipal corporations approved March 6, 1905 (Acts 1905 p. 219, §8655 Burns 1908).  It is true that the general rule is, that

1.  power to enact ordinances implies power also to repeal them.  28 Cyc. 381; McQuillen, Mun. Ord. §199; Horr & Bemis, Mun. Police Ord. §60; 2 Dillon, Mun. Corp. (5th ed.) §584; *Welch* v. *Bowen* (1885), 103 Ind. 252, 2 N. E. 722; *Swindell* v. *State, ex rel.* (1895), 143 Ind. 153, 163, 42 N. E. 528, 35 L. R. A. 50.  But like most general rules there are exceptions to it.  It applies ordinarily, of course, to all ordinances which have been passed pursuant to a general grant of discretionary or regulatory authority over the subject of the grant.  It will not apply where the

ordinance has been enacted under a narrow, limited grant of authority to do a single designated thing in the manner and at the time fixed by the legislature, and which excludes the implication that the common council was given any further authority over the subject than to do the one act.

The primary and controlling inquiry leads to a solution of the question, What was the intention of the legislature?

2. Was it intended by the provisions of the section under consideration to limit the authority of city councils over the fees for city liquor licenses to the one act specifically authorized? That intention is to be deduced from the language used and the apparent object of the statute. The language is to be examined in the light of certain rules of construction which apply to such enactments as that of the section. Both in form and sub-

3. stance the provision of §23 which gives cities any influential authority at all over the license fee or the amount of it is a proviso. The office of a proviso in a statute generally is either to except something from the enacting clause, or to qualify or to restrain its generality. 36 Cyc. 1161; 26 Am. and Eng. Ency. Law (2d ed.), 678; *United States* v. *Dickson* (1841), 15 Pet. *141, *165, 10 L. Ed. 689; *Minus* v. *United States* (1841), 15 Pet. *423, 10 L. Ed. 791; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7. A proviso in a statute is to be strictly construed and limited to the objects fairly within its terms. 2 Lewis'

4. Sutherland, Stat. Constr. (2d ed.) §352; Endlich, Interp. of Stat. §185; 36 Cyc. 1162; *United States* v. *Dickson, supra; Minus* v. *United States, supra.*

It was said in *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 90, 71 N. E. 208, 66 L. R. A. 95, 106 Am. St. 201, 2 Ann. Cas. 978: "It is settled law that incorporated

5. towns and cities have only the following powers: (1) those granted in express words; (2) those necessarily implied or incident to the powers expressly granted; and (3)

those essential to the declared objects and purposes of the
corporation—not simply convenient, but indispensable. And
doubtful claims of power or any doubt or ambiguity in
the terms used by the legislature are resolved against the
corporation.'' See authorities there cited.

Sovereign power over the liquor traffic, to regulate, con-
trol and license it, is vested in the legislature. Under our
system, cities and other municipal subdivisions are
6. but agencies of the State. They have no power to
fix a license fee for the sale of intoxicating liquors
except such as is granted to them by the legislature. Under
the rules above stated we are not to add anything to the
authority of cities and towns over the matter by construc-
tion, unless clearly necessary to carry out the legislative in-
tention. Throughout the Proctor Law an intention on
7. the part of the legislature to provide a more general
and rigid control, regulation and restraint of the
liquor traffic than had prevailed is manifest. Section 23 is
clearly antagonistic to that part of the fortieth clause of §53
of the act of 1905, *supra*, concerning municipal corporations,
which gave to cities a discretionary authority over the ques-
tions whether the sale of intoxicating liquors should be li-
censed or not and the amount of the fee to be exacted in any
sum not exceeding $250. Section 23 directs a positive man-
date to cities and towns to license and exact a fee. They have
no choice to license or not to license. They must require the
payment of a license fee the amount of which the section
in effect definitely fixes. It seems clear that it was the
intent of the legislature to make the license fee fixed and
stable, whether the sum should be that named in the gen-
eral provision or that which any city might name under
the authority of the proviso. The later enactment prevails
and measures the authority of cities over these questions,
whether to license or not and the amount of the fee, leaving
them none under the former. 2 Dillon, Mun. Corp. (5th

ed.) §§669, 670. Without the first proviso in §23 it would be evident that in this enactment the legislature had itself wholly assumed its sovereign authority over the matter of requiring a license and fixing the amount of the fee therefor in cities, incorporated towns and townships in the State. It provides that every person holding the county license, provided for in a preceding section, shall pay into the treasury of the city, incorporated town or township a certain license fee fixed for each of these municipal subdivisions which it is provided shall be charged. The appropriate provisions apply generally to all cities, incorporated towns and townships in the State. Without the proviso the regulation would be entirely that of the State and the legislature, having covered the entire subject-matter, city or town would have no authority over it. To this general and exclusive control of the matter by the State the first proviso creates the only exception. Whatever authority over the subject is delegated to cities or towns is to be found in it. It gives to cities the right to increase the fee which the legislature provides that a city shall charge to an amount not exceeding $500 and this, the only participation in the matter which the section grants to cities must be acted upon within a time strictly limited. There is no room to imply any further grant of authority beyond that expressly given. Construing, then, the enacting clause with the proviso, as it is proper to do, and it seems clear that the section requires the payment of a city license fee which the law, in effect, places at a minimum and a maximum sum. The city is left with no control over the question save only to elect what the amount of the fee shall be within the limits fixed by the legislature. It is provided how and within what time that election shall be made. When made the amount of the fee stands as established and out of reach of the authority of the city as though the law itself had specifically required the particular sum which the city has fixed to be

exacted by cities of that class. It is subject to no change except at the hands of the legislature itself. *City of Jackson* v. *Shlomberg* (1892), 70 Miss. 47.

We conclude that the ordinance of the city of Gary of February 19, 1912, which purported to repeal the former one fixing the amount of the license fee for the city at 8. $500 which was passed pursuant to the authority granted by the first proviso of §23, was without legislative authority and void.

The judgment is reversed with instructions to the lower court to sustain the demurrer to appellee relator's complaint.

NOTE.—Reported in 99 N. E. 980. See, also, under (1, 8) 28 Cyc. 383; (5) 28 Cyc. 258; (6) 28 Cyc. 67. As to police power of state to regulate the sale or manufacture of intoxicating liquors, see 1 Am. St. 645; 35 Am. Dec. 331.; 44 Am. Rep. 634.