No. 20,174.

THE STATE OF KANSAS, ex rel. H. V. WHEELER, as Treasurer of The Library Board of the City of Wichita, *Plaintiff*, v. O. H. BENTLEY, as Mayor, etc., et al., *Defendants*.

### SYLLABUS BY THE COURT.

1. CITIES—*Resolution Bringing Public Library under Provisions of Statute—Resolution Can Not be Rescinded.* After a city commission by proper resolution under chapter 122 of the Laws of 1915 decides to bring its public library under the provisions of chapter 121 of the Laws of 1903 and acts supplementary thereto and amendatory thereof, such acts then govern and their operation can not be taken away by rescinding the former resolution.

2. SAME—*Duty of City Commission to Approve Treasurer's Bond.* After such resolution has been properly adopted and the board of directors for the library duly appointed, and a member thereof chosen and qualified as treasurer whose bond has been properly prepared and approved by the library board, such bond should be approved by the city commission and the city treasurer should turn the library fund over to such treasurer.

Original proceeding in mandamus. Opinion filed July 10, 1915. Writ allowed.

*O. A. Keach*, and *Earl Blake*, both of Wichita, for the plaintiff.

*James A. Conly*, city attorney, and *J. A. Brubacher*, of Wichita, for the defendants.

The opinion of the court was delivered by

WEST, J.: The state, on the relation of H. V. Wheeler, as treasurer of the library board of Wichita, brings this action in mandamus to compel the city commission to approve his bond and to require the city treasurer to turn over to him the library fund in his hands.

The material averments are that pursuant to chapter 122 of the Laws of 1915 the commission, on April 5, 1915, adopted a resolution to maintain and govern the city library thereafter under the provisions of chapter 121 of the Laws of 1903 and acts amendatory of and supplemental thereto; that a library board was appointed which chose the relater as treasurer; that he prepared his bond, which was approved by the board

and presented to the city commissioners, who refused to approve it for the reason that they had been advised that the act of 1915 is void because the title is insufficient, for which reason the city treasurer refused to turn over the library fund.

The incoming administration undertook by resolution to rescind the one adopted by the outgoing mayor and commission, and it is claimed that this action leaves the library in control of the commission.

The right to the writ depends upon the construction of the statutes relating to public libraries.

By chapter 72 of the Laws of 1886 (Gen. Stat. 1909, §§ 735-743) provision was made for establishing and maintaining free public libraries and reading rooms when a certain petition was presented to the mayor and city council of any city, and provision was made for the appointment of a board of directors. Section 1 of this act was amended by chapter 250 of the Laws of 1901 (Gen. Stat. 1901, § 643) in reference to the tax to be levied for a library fund. This was amended by chapter 121 of the Laws of 1903, providing that upon presentation of the proper petition the mayor and council should submit to the legal voters the question of establishing and maintaining a free public library and reading room and provide for the levy of a tax in case such proposition should carry. This in turn was amended by chapter 104 of the Laws of 1905 (Gen. Stat. 1909, § 734) in reference only to the taxes to be levied in cities of the different classes. In the city commission act of 1907 the commission was given power to provide for the maintenance and support of free public libraries and to prescribe all reasonable rules and regulations relating thereto "where said library is not under the control of a library board." (Laws 1907, ch. 114, § 43, Gen. Stat. 1909, § 1259.)

Chapter 78 of the Laws of 1911 provided for the election of a treasurer by the directors of such library and the turning over to him by the city treasurer of the library fund; also for the approval of his bond by the city council. Chapter 80 of the Laws of 1913 amended chapter 104 of the Laws of 1905 (Gen. Stat. 1909, § 734) and section 2 of chapter 72 of the Laws of 1886 (Gen. Stat. 1909, § 735), providing in substance for an election upon presentation of a proper petition, which if successful should be followed by a tax levied by the

mayor and council in such sum as might be fixed by resolution by the directors of the library, not exceeding certain named limits, and providing for the appointment by the mayor of a board of nine directors, the mayor to be *ex officio* member, fixing for their term of office, and providing for their removal by the mayor by and with the consent of the council. The legislature of 1915 enacted chapter 122, authorizing a city of the first class having a population of less than eighty thousand and then maintaining a public library or reading room to place its maintenance under the provisions of chapter 121 of the Laws of 1903, and any acts supplementing and amending such chapter, and provided that after the adoption of such resolution the mayor or council or board of commissioners "may levy such taxes and appoint such directors or library boards as are or may be authorized by law; and such libraries shall thereafter be governed and maintained hereunder and under the provisions of said act and acts amending and supplementing same, or acts hereafter adopted for such purpose." This took effect March 13, 1915.

The title of chapter 122 is: "An act authorizing certain cities to maintain public libraries under the provisions of chapter 121 of the Laws of 1903, and amendments thereto." The effect of this act is to authorize the maintenance of public libraries in accordance with the provisions of the act of 1903, and the closing requirement that after the adoption of the resolution such libraries shall be governed and maintained in accordance with such act of 1903 and amendments thereto puts it beyond the power of the incoming commissioners to take the library out from under the operation of such statutes, hence the attempt to rescind the resolution adopted by the outgoing administration was futile, and the library board being a proper body under the law, its treasurer has the right to the approval of his bond and possession of the library fund.

The title of the act is sufficient.

The writ is allowed.

DAWSON, J. (concurring specially): There is no doubt about the correctness of this decision. But I wish to make the observation that in the summary dispatch of this cause, argued and submitted only two days ago, the unauthorized use of the name of the state as plaintiff was overlooked. (*State of*

*Kansas v. Anderson,* 5 Kan. 90; *The State, ex rel. Wells, v. Marston,* 6 Kan. 524; *Bobbett v. The State, ex rel. Dresher,* 10 Kan. 9; *A. T. & S. F. Rld. Co. v. The State,* 22 Kan. 1.)