No. 20,311.

THE STATE OF KANSAS, ex rel. THE STATE TAX COMMISSION OF THE STATE OF KANSAS, *Plaintiff*, v. A. J. KLINGINSMITH, as County Clerk, etc., et al., and THE INDEPENDENT SALT COMPANY, *Defendants*.

No. 20,312.

THE STATE OF KANSAS, ex rel. THE STATE TAX COMMISSION OF THE STATE OF KANSAS, *Plaintiff*, v. A. J. KLINGINSMITH, as County Clerk, etc., et al., and THE CRYSTAL SALT COMPANY, *Defendants*.

No. 20,313.

THE STATE OF KANSAS, ex rel. THE STATE TAX COMMISSION OF THE STATE OF KANSAS, *Plaintiff*, v. A. J. KLINGINSMITH, as County Clerk, etc., et al., and THE ROYAL SALT COMPANY, *Defendants*.

### SYLLABUS BY THE COURT.

MANDAMUS—*Judgment Enjoining Collection of Tax—Binding on State Tax Commission.* A judgment against a county treasurer enjoining him from collecting a tax levied on certain property under an assessed valuation fixed by the state tax commission is binding on the commission.

Original proceedings in mandamus. Opinion filed March 11, 1916. Writs denied.

*S. M. Brewster*, attorney-general, and *John L. Hunt*, assistant attorney-general, for the plaintiff.

*Ira E. Lloyd*, and *N. F. Nourse*, both of Ellsworth, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: In these actions the state seeks to compel the county clerk of Ellsworth county to place on the tax rolls for the purpose of taxation the properties of defendant salt companies at the amounts assessed by the state tax commission.

Defendant salt companies' answer is that these matters have been adjudicated in actions in the district court of Ellsworth county, wherein the salt companies were plaintiffs, and the county treasurer and county commissioners of that county were defendants, in which actions the county treasurer and board of county commissioners were enjoined from collecting the taxes levied upon the assessment made by the state tax commission.

In 1914 the county assessor assessed the property of each of the defendants at certain figures. In May the county commissioners, as a county board of equalization, lowered these assessments. The county assessor then appealed to the state tax commission and that body raised the assessments. In January, 1915, the salt companies commenced their actions to enjoin the collection of the tax. June 17, 1915, judgments were rendered enjoining the county treasurer and the county commissioners from collecting taxes on these assessments and ordering the salt companies to pay taxes on the assessments as made by the county board of equalization.

The question for determination is, Does a judgment rendered by a district court enjoining the collection of a tax bind the state tax commission? Section 265 of the code of civil procedure in part reads:

"An injunction may be granted to enjoin the illegal levy of any tax, charge or assessment, or the collection of any illegal tax, charge, or assessment."

By this statute the state provides that its acts and the acts of all its departments in levying or in collecing any tax may be questioned, and a judgment may be rendered enjoining the levy or collection of that tax. The statute contemplates that the judgment shall be final and conclusive. The state tax commission fixed the valuation of the properties of defendant salt companies. The proper taxing officers levied taxes on all prop-

erty in their respective jurisdictions. The defendants then enjoined the county treasurer of Ellsworth county from collecting taxes on the assessments that were fixed by the state tax commission; and were by that judgment directed to pay taxes on their properties under the assessments as fixed by the county board of equalization. If the statute is to be given effect, one judgment that determines the validity of the tax is sufficient and that judgment binds all departments of the state government.

It is contended that the judgment is not binding on the state tax commission. That commission fixed the valuation of the properties and certified that valuation to the proper officers. They entered the valuation on the tax rolls. Taxes were levied according to law. The state tax commission then had nothing further to do with the matter.

The writ of mandamus is denied.

DAWSON, J. (concurring specially) : I am satisfied with the decision, but I wish to add that I very seriously doubt the right of the tax commission to litigate in the name of the state. (*State of Kansas v. Anderson,* 5 Kan. 90, 116; *The State, ex rel., v. Bentley,* 96 Kan. 344, 347, 150 Pac. 218.)