Matthias, J.
 

 The ultimate question of law involved in these two cases being the same, it is deemed expedient to discuss only the facts relative to the Thompson case. The paramount question presented in both
 
 *125
 
 cases is whether the city of Marion, having acted pursuant to the authority conferred hy the provisions of the statute, and having duly found and declared the necessity for the establishment and maintenance of a police relief fund, thereby making operative in that city all the provisions of the statute effectuating the establishment and maintenance of such police relief fund, may by any subsequent action of its own render entirely inoperative as to such city the provisions of the statute governing the creation and administration of such relief fund.
 

 The pension system for policemen was not created by ordinance of the city of Marion. It is entirely of statutory creation and origin. Section 4616, General Code, provides as follows':
 

 “In any municipal corporation, having a police department supported in whole or in part at public expense, the council by ordinance may declare the necessity for the establishment and maintenance of a police relief fund. Thereupon a board of trustees who shall be known as ‘trustees of the police relief fund’ shall be created * * That section then provides how the board of trustees shall be constituted and organized. Other sections of the statute specify the powers and duties of such board, prescribe the manner of creating, safeguarding and maintaining the funds for the purpose designated and authorize the making of rules and regulations for the administration and distribution thereof. There have been some subsequent amendments of these statutory provisions, but none giving rise to any substantial controversy excepting the amendment of Section 4621, General Code, which, though now mandatory in its terms with reference to the levy of a tax for the purpose stated, has the s'ame fixed maximum limitation as the original enactment, and is further limited to the amount required for the payment of pensions granted policemen under existing law.
 

 
 *126
 
 These statutory provisions constitute a full and complete plan for the establishment, maintenance and administration of such police pension fund which become effective and operative in any municipality of the state upon its appropriate declaration of a necessity therefor. No power of suspension, modification or repeal was conferred upon the municipality. It had only the power of determination of the question of necessity and when that was found in the affirmative its power was exhausted. It has no legislative power respecting the establishment, maintenance or administration of slich fund. That is wholly statutory.
 

 This court held in
 
 State, ex rel. Dieckroegger,
 
 v.
 
 Conners,
 
 122 Ohio St., 359, 171 N. E., 586, that where a police fund is so established “the powers of the board of trustees of the police relief fund with respect to such fund are the powers conferred by statute.” In the discussion of these statutory provisions, it is stated in the opinion by Judge Robinson as follows:
 

 “It will be observed that by Section 4616 it is optional with a municipal corporation to avail itself of the provisions of the several sections to establish and maintain a police relief fund, and that by Section 4621, where the municipality elects to avail itself of such provisions, it is made mandatory upon the municipality to levy a tax, not exceeding three-tenths of a mill, upon all the property listed for taxation in the municipality, sufficient in amount to provide funds for the payment of all pensions granted to policemen under existing laws.”
 

 The general rule that the power to enact ordinances implies a power of repeal is inapplicable where the ordinance in question is enacted under a limited authority to do a certain thing in the manner and within the time fixed by the Legislature.
 
 Simpson, Treas.,
 
 v.
 
 State, ex rel. Eisler,
 
 179 Ind., 196, 99 N. E., 980;
 
 State, ex rel. Wheeler, Treas.,
 
 v.
 
 Bentley, Mayor,
 
 
 *127
 
 96 Kan., 344, 150 P., 218;
 
 Brown
 
 v.
 
 Arkansas City,
 
 135 Kan., 453, 11 P. (2d), 607. Nor is such right of repeal impliedly conferred upon a municipality by a subsequently amended statute -which “mandatorially required the levy of an increased tax, with nothing conditioning the increase upon the consent of the city council.”
 
 State, ex rel. Minneapolis Police Relief Assn.,
 
 v.
 
 City Council of Minneapolis,
 
 188 Minn., 447, 247 N. W., 514. This case likewise involved “a statute granting power in respect to police relief associations and pension funds conditioned * * * upon consent of the city council, which was given.”
 

 It is contended that the statutory provisions in question are violative of the provisions of Section 26 of Article II of the state Constitution, requiring all laws of a general nature to have a uniform operation throughout the state, and that such provisions constitute an attempted delegation of the power and authority to pass a law, and also an attempted delegation to the board of trustees of the policemen’s pension fund of authority to make rules and regulations for the distribution of the funds of the city of Marion, also inhibited by Section 26, Article II, and that such action results in the taking of property without due process of law in violation of Section 19, Article I, of the state Constitution and of the 5th and 14th Amendments to the Federal Constitution. Whether the legislation providing for the establishment, maintenance and administration of the policemen’s pension fund constituted an act passed to take effect upon the approval of any authority other than the General Assembly and falls within the inhibition of Section 26 of Article II of the state Constitution may be determined by the decision and reasoning of the court in the case' of
 
 Gordon
 
 v.
 
 State,
 
 46 Ohio St., 607, 23 N. E., 63, 6 L. R. A., 749, upholding the constitutionality of an enactment which may be referred to as the Township Local Option Law
 
 *128
 
 which, under its terms, became effective in any township of the state upon the affirmative vote of a majority of the electors voting* at such election, and the sale of intoxicating liquors thereupon became unlawful in that territory. In reaching* its' conclusion, the court quoted with approval the statement of Ranney, J., in
 
 Cincinnati, W. & Z. Rd. Co.
 
 v.
 
 Commrs. of Clinton County,
 
 1 Ohio St., 77, at page 87, as follows: “We think it * * * undeniable, that the complete exercise of legislative power by the General Assembly, does not necessarily require the act to so apply its provisions to the subject-matter, as to compel their employment without the intervening ass'ent of other persons, or to prevent their taking effect, only, upon the performance of conditions expressed in the law. * * * The true distinction, therefore, is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made.’? The same reasoning was adopted and the same conclusion reached in the case of
 
 Peck
 
 v.
 
 Weddell,
 
 17 Ohio St., 271. It must be concluded upon reason and authority that there was no delegation of power of the General Assembly to the municipalities of the state by the legislation under considerations Nor do we find there is any delegation of legislative power to the board of trustees of such pension fund inhibited by the provisions of Section 26, Article II. Surely there can be no question of the relation of this legislation to law enforcement, public safety and the general welfare. The system adopted gives assurance of continuity and dependability of service which could not otherwise be secured or maintained. A principle announced in the syllabus of the recently decided case of
 
 Matz, Admr.,
 
 v.
 
 J. L. Curtis Cartage Co.,
 
 132 Ohio St., 271, 7 N. E. (2d), 220,
 
 *129
 
 is directly in point and decisive of the question under dis'cussion:
 

 “As a general rule a law which confers discretion on an executive officer or hoard without establishing any standards for. guidance is a delegation of legislative power and unconstitutional; but when the discretion to be exercised relates to a police regulation for the protection of the public morals, health, safety or general welfare, and it is impossible or impracticable to provide such standards, and to do so would defeat the legislative object sought to be accomplished, legislation conferring such discretion may be valid and constitutional without such restrictions and limitations.”
 

 We are unable to see any basis for the contention that the legislation making provision for the payment of pensions to members of the police department, the manner of creation or establishment of the pension fund or the method of its administration prescribed by the statute, constitutes the taking of property without due process of law in violation of the state or federal Constitution. From 19 Ruling Case Law, 726, the following pertinent statement is quoted: “The establishment of a pension system for municipal officers and employees, whereby, after serving a certain number of years or upon disablement from injuries received in the course of their duties, they are retired from active service and paid a certain proportion of their salaries' for the remainder of their lives is not an unconstitutional disposition of public moneys for private use when applied to officers and employees who have entered or continued in the service after the system went into effect.”
 

 Holding as we do that the attempted repeal of the ordinance of the city of Marion declaring the necessity for the establishment and maintenance of a police relief and pension fund pursuant to the provisions of Section 4616
 
 et seq.,
 
 General Code, was a nullity and
 
 *130
 
 it being concluded, therefore, that no valid action adversely affecting pensions of policemen or the police relief fund has been taken by any official or governmental body authorized to act therein, no question of the vested right of pensions in beneficiaries thereof is before us' for consideration. Section 4628-1, General Code, relative to the rights of beneficiaries in pensions granted, became effective May 26,1937, and in no event could affect the issues in these cases.
 

 For the reasons above stated, the judgment of the Court of Appeals in each case is affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.