Williams, J.
There are two principal subjects of inquiry, (a) the validity and force of Section 4389, General Code, with reference to the classified civil service and to the municipal ordinance quoted, and, if the statute is valid, the proper construction thereof, and (b) the relator’s right to salary during the period he has been excluded from his position.
First, then, we shall consider the validity and force of the statutory provision.
The respondents claim that Section 4389, General Code, is invalid because it is violative of the civil service provision of the Constitution (Section 10, Article XV) which requires that appointments and promotions in the civil service of the state, counties and cities be made according to merit and fitness, to be ascertained by competitive examinations so far as practicable. Since villages are not mentioned in the provision, the maxim eoopressio unius est eccclusio alterius applies; therefore villages are excluded from the operation of the constitutional provision. Respondents claim, however, that “there is an implied limitation and restriction upon the Legislature to pass laws that are tantamount to civil service laws for villages.” Such an implication is inconsistent with the exclusion. In consequence the statute is not invalid for the reason urged.
The respondents further contend that the ordinance should govern instead of Section 4389, General Code, for the reason that the establishment of a fire department is a matter of local self-government, which is assured to municipalities by Article XVIII of the Constitution.
Section 4389, General Code, as amended 117 Ohio. Laws, 52, provides:
“In each village having or hereafter establishing a *223 fire department, the head thereof shall he a fire chief, appointed by the mayor with the advice and consent of the council, who shall continue in office until removed therefrom for the causes and under the powers and procedure provided'for the removal of officers by Sections 4263 to 4267, inclusive, of the General Code. Council may provide for the employment of such firemen as it deems best and fix their compensation, or for the services of volunteer firemen and such firemen shall be appointed by the mayor with the advice and consent of the council, and shall continue in office until removed therefrom for the causes and under the powers and procedure provided for the .removal of officers by Sections 4263 to 4267, inclusive, of the General Code.”
The sections of Article XVIII of the state Constitution which must be considered are:
Section 3. “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
Section 7. ‘ ‘Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of Section 3 of this article, exercise thereunder all powers of local self-government.”
Since these sections apply to all municipalities, a village as well as a city may adopt its own charter.
The record does not disclose whether Lowellville is a charter or non-charter village. Is the distinction between'the two of vital importance in the instant case? An examination of the two quoted sections of the Constitution shows that they are tied together by express-reference. By their terms the charter municipality may under its charter exercise all powers of local self-government “subject to the provisions of Section 3” and by such reference the limitations of Section 3, with respect to local police, sanitary an’d similar regulations, *224 are made applicable to tbe charter municipality. The provisions in a charter ordinarily relate to the form of municipal governmental organization; but it appears to be beyond doubt that other matters of local concern may properly be incorporated therein. The supremacy of a municipality, however, by the very terms of the Constitution does not rise above matters of local concern — a concept which has application to all cities and villages. The adoption of a charter does not increase municipal power but merely affects the manner in which it may be exercised.
Referring to the relation between the state and a charter municipality, Judge Johnson stated in Billings v. Cleveland Ry. Co., 92 Ohio St., 478, at 485, 111 N. E., 155: “The charter becomes the organic law of the municipality so far as such local powers are concerned. But the authority of the state is supreme over the municipality and its citizens as to every matter and every relationship not embraced within the field of local self-government.” Accordingly the extent of municipal governmental power under the Constitution is the same in all cities and villages.
In relation to state sovereignty, charter and non-charter municipalities are the same — both are subject to the supremacy of the state in all matters except as to the exclusive powers of local self-government bestowed by the Constitution. It is immaterial therefore whether Lowellville is a charter village. The rule in either event is the same.
It remains to inquire whether Section 4389, G-eneral Code, invades the realm of local self-government. It has recently been held by this court that fire protection of a municipality is a matter of state-wide concern and within the control of state sovereignty. State, ex rel. Strain, Dir., v. Houston, Chief, 138 Ohio St., 203, 34 N. E. (2d), 219; In re Fortune, 138 Ohio St., 385, 35 N. E. (2d), 442; City of Cincinnati v. Camble, 138 Ohio St., 220, 34 N. E. (2d), 226.
*225 The rationale of these decisions as applied to fire prevention is that state control and regulation thereof unlimited by municipal boundaries is essential to the wholesome existence of the state. This state power includes the right to provide the method of appointment of the fire chief, his tenure of office and the manner of removal.
The precise question involved has not entirely escaped attention in this jurisdiction. Judge Hart in State, ex rel. Strain, Dir., v. Houston, Chief, supra, uses this language: “The state has established a tenure subject to removal for cause for the members of the fire departments of villages of the state (Section 4389, General Code), and a civil service status for firemen in cities (Sections 4378, 4380, General Code), and a state-wide system of firemen’s pensions, all of which are considered matters of state-wide concern and subject to state legislation. Thompson v. City of Marion, 134 Ohio St., 122, 16 N. E. (2d), 208.”
The statute does not interfere with local self-government, is a valid enactment and prevails over the ordinance.
As hereinbefore stated, Section 4389, General Code, in its present form became effective June 19, 1937. Although relator was originally appointed in 1931, the previous history of the section is inconsequential, as he was again appointed for one year with the consent of the council after the effective date of such amendment. Yet the attempt to limit the term to one year would be unavailing to change the tenure fixed by statute; nor would annual re-appointments thereafter alter the status of the incumbent; When he was appointed with the consent of the council for the first time after Section 4389 as now in force took effect and duly became the fire chief, his tenure was secure until removed for cause. The appointment was valid under that section and the limitation of tenure, being in violation thereof, was void.
*226 The second inquiry relates to relator’s salary. There is no doubt as to salary for the last quarter of 1939. In the mayor’s letter of dismissal it was conceded that relator was entitled thereto. Furthermore no claim is made in the briefs that it has not been paid since the suit was instituted. But, regarding subsequent salary, the situation is different. It is the general rule in Ohio that one who is unlawfully ousted and excluded from a position, is not entitled to a writ of mandamus to compel the payment of salary covering a period for which another has filled the position and received the emoluments. See State, ex rel. Conway, v. Taylor, Dir., 136 Ohio St., 174, 24 N. E. (2d), 591; State, ex rel. Curtis, v. DeCorps, Dir., 134 Ohio St., 295, 16 N. E. (2d), 459; State, ex rel. White, v. City of Cleveland, 132 Ohio St., 111, 5 N. E. (2d), 331; Williams, Dir., v. State, ex rel. Gribben, 127 Ohio St., 398, 188 N. E., 654. But the wrongfully ousted claimant is relegated to an action at law. City of Cleveland v. Luttner, 92 Ohio St., 493, 111 N. E., 280, Ann. Cas. 1917D, 1134.
John Krall was appointed fire chief January 8,1940, and the presumption is he filled the position and received the salary, The relator is therefore not shown to be entitled to a writ to compel payment of salary during that period.
For the reasons given the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is modified, by granting a writ of mandamus restoring relator to the position of fire chief and refusing the writ as to salary; as modified, the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman and Bettman, JJ., concur.