BENEDICT STOCKHOLD, PROSECUTOR, v. JACKSON TOWN-
SHIP, IN THE COUNTY OF OCEAN, A MUNICIPAL COR-
PORATION, RESPONDENT.

Argued January 21, 1947—Decided March 4, 1947.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Barkalow & McGowan* and *Ward Kremer* (*Ward Kremer,* of counsel).

For the respondent, *Robert Lederer.*

The opinion of the court was delivered by

WACHENFELD, J. "Bates Road" in Jackson Township in the County of Ocean extends between and connects two county maintained and improved highways, New Prospect Road and Bennetts Mills Road. It runs in a generally east-west direction, having its easterly terminus on the New Prospect Road and its westerly terminus on the Bennetts Mills Road. The property of the prosecutor extends from the New Prospect Road on both sides of Bates Road westerly approximately one-fifth of a mile.

Bates Road had been used as a public road for upwards of sixty years. It had been scraped by the county road department and was used by the public. The testimony indicates that a number of persons used Bates Road for many years through its entire length as a means of ingress and egress to both Bennetts Mills Road and New Prospect Road.

The prosecutor acquired his chicken farm in 1942 and in October, 1945, he appeared before the Township Committee

of Jackson Township and expressed his desire to have that portion of Bates Road running through his land vacated. According to some of the testimony, he represented there were no objections on the part of property owners and that no one used the road any more excepting some children who created a nuisance to his chicken farm.

At his solicitation the committee adopted an ordinance on November 20th, 1945, vacating that portion of the public highway known as Bates Road between the westerly property line of the prosecutor and the westerly line of the New Prospect Road. Although notice of such ordinance was published in a Toms River newspaper, no notice thereof was ever mailed to any of the property owners on said highway or in the vicinity thereof, who claimed that they had no knowledge of the pendency or adoption of the ordinance in question.

After the passage of the ordinance vacating the portion of the street hereinbefore referred to the road was not closed until about May 1st, 1946, when prosecutor erected a barricade and a sign. Immediate objections were made and a petition of protest signed by some sixty-seven citizens was filed. As a result thereof a special meeting of the governing body of the township was called and an ordinance was unanimously adopted repealing the former ordinance vacating the portion of the road in question.

What happened is best explained in the words of Corlis Holman, one of the members of the Township Committee of Jackson Township:

"*Q.* And what was the basis of your having so voted to create a new ordinance abandoning your former ordinance? *A.* Well, the objection was that I felt that if the people of that community wanted the road open that was the proper and right thing to do, which before that vote we thought they weren't interested into it, but after that—I found out that they was interested in having the road reopened, and having no say in the ordinance before, I thought it was right for those people to have the right to use that road."

Again he said: "Mr. Stockhold told us, and when he talked to me he said there was no one used the road and it was only a nuisance for the children and against his chickens, and

that's why I voted for the road to be closed, and the only reason."

The query arises as to the legality of the ordinance repealing the ordinance to vacate, the prosecutor contending it should be set aside, declared void and for nothing holden.

The general rule seems to be that the power to pass an ordinance includes the power to repeal it, and the statute relied upon in the present case, amongst other things, provides (*R. S.* 40:67–1):

"The governing body of every municipality may make, amend, *repeal* and enforce ordinances  *  *  *." (Italics added.)

In *Stemmler* v. *Borough of Madison,* 82 *N. J. L.* 596, the Court of Errors and Appeals said:

"That the right to repeal is as much an incident of ordinary legislative action as the right to enact rests, as we have seen, upon sound authority, and hence must in reason be included among those powers that pass by the natural implication that if recognized at all, as it must be, cannot logically stop short of giving full effect to the legislative will as thus construed."

After its adoption the governing body concluded that the original vacating ordinance was detrimental to the public interests and was induced by misrepresentations. The Township Committee was unanimously of the opinion that in fairness to their constituents they were obligated to restore the road to the public for its convenience and use.

In *Con Realty Co.* v. *Ellenstein,* 125 *N. J. L.* 196, Mr. Justice Heher, commenting upon the fact that the vacation of public streets and highways is essentially a legislative function, said:

"Where such power has been delegated, its exercise rests in the sound discretion of the governing body or other municipal agency to which it has been entrusted; and, in the absence of a provision for such superintendency, its affirmative exercise is not subject to judicial review, *unless tainted with fraud, or palpably not in the service of the public interest, or otherwise a clear perversion of power."* (Italics added.)

The testimony indicates quite clearly that the ordinance vacating the road in question was manifestly not in the ser-

vice of the public interests. Under these circumstances we are not warranted in law or in fact in declaring illegal the repealing ordinance which rectifies a mistake and preserves the best interest of the property owners on the road in question and of the community at large.

The prosecutor should not be permitted to benefit by his own wrong or the mistake he induced the governing body to make as against all others concerned.

Although this matter comes up on a rule to show cause, it is stipulated that the case is to be determined as though the writ had been allowed. In accordance with this stipulation the writ is therefore dismissed, with costs.