No. 37,260

ARTHUR LEE STOVALL and AVA LOUISE STOVALL, *Appellants*, v. CITY OF TOPEKA, FRANK J. WARREN, as Mayor, J. GLEN DAVIS, HARRY C. SNYDER, C. MADISON WILLIAMS, and LLOYD B. SMITH, as Commissioners, etc., *Appellees*.

(190 P. 2d 516)

Opinion filed November 13, 1948.

*P. A. Townsend,* and *Elisha Scott,* both of Topeka, argued the cause, and *John J. Scott* and *Chas. E. Bledsoe,* both of Topeka, were with them on the briefs for the appellants.

*Frank P. Eresch,* city attorney, argued the cause, and *Robert R. Jones,* assistant city attorney, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment of the district court sustaining a demurrer to a petition.

The pleading in question reads:

"Plaintiffs state that they are residents and citizens of the United States Government, residing at Topeka, Kansas. That they are of African descent and color."

It further alleges that prior to the 1st day of October, 1947, the city of Topeka had in force and effect an ordinance licensing theaters and opera houses and prescribing an annual license fee therefor, graduated according to seating capacity.

Appellants claim rights under G. S. 1935, 21-2424, which reads as follows:

"That if any of the regents or trustees of any state university, college, or other school of public instruction, or the state superintendent, or the owner or owners, agents, trustees or managers in charge of any inn, hotel or boarding house, or *any place of entertainment or amusement for which a license is*

*required by any of the municipal authorities of this state,* or the owner or owners or person or persons in charge of any steamboat, railroad, stage coach, omnibus, street car, or any other means of public carriage for persons or freight within the state, shall make any distinction on account of race, color, or previous condition of servitude, the person so offending shall be deemed guilty of a misdemeanor, and upon conviction thereof in any court of competent jurisdiction shall be fined in any sum not less than ten nor more than one thousand dollars, and shall also be liable to damages in any court of competent jurisdiction to the person or persons injured thereby." (Emphasis supplied.)

It will be noted from the emphasized portion of the foregoing quotation that the involved statute only prohibits discrimination by any owner or manager of any place of entertainment or amusement *for which a license is required by city ordinance.*

About October 1, 1947, the city of Topeka repealed the provision of its ordinance requiring a license for theaters and opera houses within the city. Thus, after October 1, 1947, theaters in Topeka did not come within the provisions of G. S. 1935, 21-2424, unless the city's action was *ultra vires.*

Appellants allege that subsequent to the effective date of such repealing ordinance, they presented themselves at a theater in the city of Topeka and were refused admission. In effect we are asked to enjoin a repeal which has already occurred.

The prayer of the petition reads, in part, as follows:

"WHEREFORE, Plaintiffs pray that these defendants and each of them be permanently enjoined and restrained from acting or operating under the said repealing ordinance, being ordinance number 7693; and that said repealing ordinance be declared null and void and without force and/or effect for all the reasons herein set forth."

The statute under which the licensing ordinance was passed was G. S. 1935, 13-910 *et seq.* The pertinent part thereof reads:

"The governing body *may* levy and collect a license tax upon and regulate . . . theaters . . ." (Emphasis supplied.)

The statute is purely permissive and not mandatory. (*Bradley v. Cleaver,* 150 Kan. 699, 95 P. 2d 295.) Under its terms the city is not required to license theaters. Whether it should do so or not is a matter for determination by the governing body of the city and not by the courts. Appellants had no vested rights in the continued existence of the licensing ordinance and the city was at liberty to repeal it whenever it so desired.

The appellants rely upon two decisions, namely, *State, ex rel., v.*

*Bentley,* 96 Kan. 344, 150 Pac. 218, and *Brown v. Arkansas City,*
135 Kan. 453, 11 P. 2d 607. The type of statute involved in the
two cases is identical. An explanation of one will distinguish the
other from the present situation. In *Brown v. Arkansas City,* supra,
the statute provided that whenever it was made to appear to the
satisfaction of the governing body of the city that there is need for
the establishment of a city court in such city, the governing body
may establish a city court. Later the governing body decided that
the need for the city court did not exist and attempted to repeal the
ordinance. This court held that the statute, while giving the city
authority to establish the court, gave it no authority to discontinue
the court. It was further noted that the city has only such powers
as were granted by the legislature. The case quotes from *State,
ex rel., v. Smith,* 130 Kan. 228, 285 Pac. 542, where, in referring to a
similar act, it was said:

". . . The legislature simply provided that when a certain condition is
found to exist in any city of the class named the act comes into operation."
(p. 231.)

G. S. 1935, 21-2424, is not the type of statute involved in the
decisions on which appellants rely. It does not require as a pre-
requisite to licensing that the governing body of the city find a
certain condition to exist. It cannot be successfully contended that
the city did not have a right to change the licensing ordinance by
increasing or decreasing the amount of the license fees. In other
words, this licensing ordinance did not create a permanent fixed
condition. Likewise, it cannot be contended, with reason, that the
city did not have authority to repeal the licensing ordinance al-
together. The trouble with appellants' position is the wording of
the statute which permits the action of the city.

The right of municipal corporations generally to enact ordinances
or thereafter to alter or repeal them is expressly conferred by statute
(G. S. 1935, 13-401, 14-401 and 15-401).

Since the city had power to repeal the ordinance and its right to
do so is the only question before this court, the judgment must be
and is affirmed. It is so ordered.