Defendant Township Committee enacted an ordinance amending the ordinance creating the Mount Holly Sewerage Authority. The amendment effected a repealer of the provision of the original ordinance governing the annual compensation of Authority members. Motion for judgment on the pleadings has been made in this proceeding in lieu of certiorari by plaintiffs, members of the Authority, who contend the amending ordinance is wholly void because without the power of defendant Township Committee to enact.
The motion is granted. The ordinance is a nullity for the reason that the Township Committee, in respect of salaries of Authority members, had power only to enact the original ordinance and no power to alter or amend it, except as the salary provision may fall if the Authority is dissolved in the manner provided by the legislation authorizing its creation. R.S. 40:14A-1 etseq. *Page 411 
It is true that a grant of power to enact an ordinance usually implies the power to amend, change or repeal the ordinance.Stockhold v. Jackson Township, 135 N.J.L. 322 (Sup. Ct.
1947); Stemmler v. Madison, 82 N.J.L. 596 (E. A. 1911); 37 Am. Jur., "Municipal Corporations," § 197; McQuillan,Municipal Corporations, Second Edition (Revised), Vol. 2, § 871; American English Annotated Cases, Vol. 29 (1913 D), p.
769. But this is generally as to ordinances passed pursuant to a general grant of discretionary or regulatory authority when the power to legislate on the subject imports the power to pass more than one ordinance respecting it. Stemmler v. Madison, supra;Goszler v. Georgetown, 6 Wheaton 593; 5 L.Ed. 339 (U.S.Sup. Ct.). And so when no constitutional or statutory restriction circumscribes the power, a salary fixed by ordinance pursuant to a grant of discretionary power (for example, R.S.
40:67-1) may be reduced by a later ordinance, Adams v.Plainfield, 109 N.J.L. 282; affirmed, 110 N.J.L. 377 (1932);Heil v. Wildwood, 11 N.J. Misc. 171 (Sup. Ct. 1933); and this may be done even during an incumbent's fixed term of office, for the officer assumes office "subject to legislative control both as to his term and compensation," Love v. Jersey City,40 N.J.L. 456 (Sup. Ct. 1878), and see City of Hoboken v.Gear, 27 N.J.L. 265 (Sup. Ct. 1859).
But the general rule admits of an exception where the amending or repealing ordinance relates to an ordinance enacted under a narrow, limited grant of authority to do a single designated thing in the manner and at the time prescribed by the Legislature. In such case the implication is excluded that the municipal legislative body was given any further jurisdiction over the subject than to do the one act. Loudenslager v.Atlantic City, 83 N.J.L. 30 (Sup. Ct. 1912) (power to establish a sinking fund was exhausted upon its creation and its later attempted rescission was nugatory), Simpson v. State,179 Ind. 196, 99 N.E. 982 (Indiana Sup. Ct. 1912) (power to increase a certain fee provided city acted within stipulated time was exhausted once the city took action); Thompson v. City ofMarion, 134 Ohio St. 122, *Page 412 16 N.E.2d 208 (Ohio Sup. Ct. 1938) (exercise of statutory power to determine necessity for pension fund did not imply power later to suspend, modify or repeal the fund); Brown v. Arkansas City,135 Kan. 453, 11 P.2d 607 (Kansas Sup. 1932) (power to determine need to establish a court did not imply power to discontinue the court after it was established).
A study of the Sewerage Authority Law impels the conclusion that not the general rule, but its exception, applies here. Section 40:14A-5(d) provides that "no member of any sewerage authority shall receive any compensation for his services" except as "the ordinance * * * for the creation of a sewerageauthority may provide that the members of the sewerage authority may receive compensation within an annual and other limitations to be stated in such * * * ordinance, and in that event, each member may receive from the sewerage authority such compensation as the sewerage authority may determine within the limitations stated in such * * * ordinance." (Italics supplied.) Plainly the Legislature contemplated that a municipality deciding to create an authority, at the same time make a corollary determination whether the members shall be salaried or nonsalaried, and if the former, what the uttermost limit of amount should be, and that this determination be incorporated in the creating ordinance.
When the authority has been created it operates as an autonomous agency, a "public body politic and corporate constituting a political subdivision of the State established as an instrumentality exercising public and essential governmental functions to provide for the public health and welfare and shall have perpetual succession," R.S. 40:14A-7. Its bonds and other obligations are not debts either of the State or the municipality, R.S. 40:14A-19, but the authority must prescribe service charges which "in any event shall be such that the revenues of the sewerage authority will at all times be adequate to pay all expenses of operation and maintenance of the sewerage system," R.S. 40:14A-8(c), the stated policy of the Legislature being that the authority shall "provide for sewerage services designed to relieve pollution of such waters at the expense of the users of such services and without increasing *Page 413 
the burden of taxation in the" municipality. R.S. 40:14A-2(5).
The salaries of the authority members are fixed by them within the limitation prescribed by the creating ordinance and are paid from authority revenues and funds and not from municipal funds save perhaps as they may be paid from municipal funds loaned or donated to the authority, as may be done under R.S. 40:14A-9.
The statute further provides that it is to be liberally construed "to effectuate the legislative intent and as complete and independent authority for the performance of each and every act and thing herein authorized, and a sewerage authority shall not be subject to regulation as to its service charges or as to any other matter whatsoever by any officer, board, agency, commission or other office of the State." R.S. 40:14A-35.
The only powers expressly reserved to the municipality after the creation of an authority are that of the appointment of the original and successor members of the body, R.S. 40:14A-4(b), and the power to effect the dissolution of the authority, the latter power, however, being significantly subject to the condition that the authority "consents to such dissolution and the sewerage authority has no debts or obligations outstanding."
It is abundantly clear that as to the salaries of the members of an authority the Legislature delegated only "a specific statutory power and not a delegation of legislative power,"Loudenslager v. Atlantic City, supra. It follows that the statutory grant was exhausted by its exercise when the creating ordinance was enacted incorporating the salary provisions and that the statutory scheme precludes the implication that the Township Committee had any further authority over the subject of salaries. The argument that changes in the salary provision may become essential under different economic conditions or when the authority's responsibilities become more or less onerous is more properly addressed to the Legislature. Compare Love v. JerseyCity, supra.
The amending ordinance is declared to be null and void and is set aside. *Page 414