## MOXON, et v STATE ex BINYON

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10747. Decided June 9, 1930

Charles A. Colvin, Cleveland, for Moxon, et.

Edward A. Binyon, Cleveland, for State ex.

SULLIVAN, J.

In **State ex rel vs Halliday, 61 Oh St 171,** it is laid down that what distinguishes a public office is that the incumbent is clothed with an independent capacity equal to an act of sovereignty derived from the state and exercised under the authority of law in the interest of the public.

It has been held in **29 Oh St 261, Smith vs Lynch,** that membership in a Board of Health is an office, and in **45 Oh St 198, State ex rel vs** Anderson, that the presidency of the city council is a public office and we find similar decisions in Commissioners vs Evans, 74 Pa. 124, and State vs Valle, 41 Mo. 29.

It may be that if the members of the commission in question were not already part of the constituency of the commission that the trusteeship would be a public office, but in that event there would be an independent capacity which might exert acts of sovereignty of the state under the laws. We must consider the question, however, from the standpoint as to whether the appointment and qualification under the trusteeship is a mere adjunct to the office of membership in the commission.

In other words, is the appointment and qualification to the trusteeship one of the instrumentalities by which the commission exercises its power in relation to the pension funds of the firemen and the police? It may be that the members of the trusteeship selected from the body politic under **4600 GC** and **4616 GC,** hold a public office by reason of the fact that they have an independent official identity but this situation distinguishes itself from the trusteeship of the two members of the commission because as members of the commission they are clothed with all the paramount powers relating to pensions that control and direct the funds and it cannot be said that the commission under proper procedure cannot, in an ancillary way, in order to accomplish its purpose, choose in conformity to law an instrumentality to carry out and eventuate the legislative purpose.

Under **4605** and **4621 GC** it is the Council, and not the Board of Trustees that in each instance levies the tax not to exceed three-tenths of a mill in order to provide funds for the payment of the pensions for the policemen and firemen. This shows that the authority of the commission over the creation of the fund and the purpose of the fund is supreme and the creation of the trusteeships is the vehicle by which the legislative body fulfills the purpose for which the funds are created.

That legislative bodies have the authority

to create independent bodies to act as instrumentalities to carry out their purposes. there can be no question and the trend of opinion has gone in this direction so far that even Congress creates many Commissions which, in a technical if not in a practical sense, exercise legislative authority and a special instance is where there is ample authority for the President, even though an executive, to lower and increase tariff rate under the authority of the Tariff Act, known as the flexible provisions thereof. Thus, it is our judgment that membership in the Board as far as the two plaintiffs in error who have membership in the trusteeship, are concerned is not the holding of an office under the law and therefore we see no conflict in the provisions of the General Code noted and the provisions of the Charter which prohibits the members of the commission from holding any other office or employment excepting that of notary public or membership in the State Militia. This view is accentuated by the fact that it was not the intention of the legislative body of East Cleveland to include membership on the part of the trustees as violative of that provision of the Charter which excludes office holding in addition to membership on the commission, excepting in the two instances named, and a reading of Sec. 31 of the Charter, by its language maintains this view. We quote this Section as follows:

"Relief of Policemen and Firemen. Sec. 31. The Commission may provide by ordinance for the relief, out of the police or fire pensions, of members of police, fire and sanitary forces temporarily or permanently disabled in the discharge of duty. Nothing in this section shall impair, restrict or repeal any provision of general law authorizing the levying of taxes to provide for police, firemen and sanitary police pension funds and to create and perpetuate boards of trustees for the administration of such funds."

This section, of course, is part of the charter and refers to police and fire pensions and in order to eradicate any intention on the part of the legislative body to create a conflict in the laws there is inserted the negative provision that there would be no impairment or repeal of any provision of the general law relating to the pension funds or to the creation and perpetuation of the Board of Trustees for the administration of the fund.

Hence it is our judgment that the plaintiffs in error are not holding an additional office by qualifying for membership on the Board of Trustees for the disbursement of the pension funds. The trustees are merely the instruments to carry into effect the purposes for which the commission levied taxes to create the fund to be disbursed in the manner provided by **4628 GC.** and the other provisions relating to the firemen's pension fund.

From the views expressed it is immaterial whether there is a conflict in the provisions because that question would only become vital were plaintiffs in error by qualifying under the appointment to the trusteeship, to become the incumbents of an additional office instead of assuming duties which were consistent with and derived from their powers and duties under the law relating to the funds in question as members of the commission created by popular vote.

Thus holding the judgment of the Common Pleas Court is hereby affirmed.

Vickery, PJ, concurs. (Levine, J, not participating.