ANDERSON, A. K. A. ANDERSON ET, PLAINTIFF, *v.* MALONE, AS TRUSTEE, ET, DEFENDANTS.

Probate Court, Montgomery County.

No. 156147.   Decided June 14, 1963.

*Messrs. Pickrel, Schaeffer & Ebeling,* for plaintiff.

*Messrs. Jacobson, Durst, Pollak & Jacobson,* for defendant, Erich Helbig.

*Mr. Herbert S. Beane,* city attorney, and *Mr. Joseph P. Duffy,* assistant city attorney, for defendants.

ZIMMERS, J.  This cause is before the Court on the petition of Gregory L. Anderson as Executor of the Estate of Emilie Scholz, deceased, for instructions of the Court as to the rights of the parties in the estate of said decedent under her will and under the applicable statutes of the State of Ohio.  Answers have been filed by the Trustees of the Police Relief and Pension Fund of Dayton, Ohio, and by Erich Helbig, son of said decedent.

The testatrix died on February 26, 1961.  Her last will and testament, which was executed on July 11, 1960, was admitted to probate on March 21, 1961.  After a specific devise of certain real estate and several specific bequests, the testatrix's will disposes of her residuary estate as follows:

*ITEM V.*

"All the rest, residue and remainder of my estate, I give, devise and bequeath to the Police Relief and Pension Fund of Dayton, Ohio, to be used as its Trustees or Governing body in its discretion shall determine."

Section 2107.06, Revised Code, provides:

"If a testator dies leaving issue, or an adopted child, or the lineal descendants of either, and the will of such testator gives, devises, or bequeaths such testator's estate, or any part thereof, to a benevolent, religious, educational, or charitable purpose, or to any state or country, or to a county, municipal corporation, or other corporation, or to an association in any state or country, or to persons, municipal corporations, corporation, or associations in trust for such purposes, whether such trust

appears on the face of the instrument making such gift, devise, or bequest or not, such will as to such gift, devise, or bequest, shall be invalid unless it was executed at least one year prior to the death of the testator.''

On August 25, 1943, the following ordinance was passed by the City of Dayton, Ohio:

AN ORDINANCE                                    No. 15788

''Amending Section 1029 of the Code of General Ordinances of the City of Dayton relating to the Establishing and Maintaining of a Police Relief and Pension Fund.

''WHEREAS, Owing to the amendment of the sections of the General Code of Ohio pertaining thereto, it is necessary in order to provide for the usual daily operations of a municipal department, to-wit: the Board of Trustees of the Police Relief Fund, that this ordinance become effective immediately upon its passage.

''Be It Ordained by the Commission of the City of Dayton:

''Section 1. That Section 1029, G. C. O., be and the same hereby is amended to read as follows:

''Section 1029. The Commission of the City of Dayton does hereby declare the necessity of establishing and maintaining a police relief and pension fund for the purpose enumerated in Sections 4616 to 4631, inclusive, General Code, and there is hereby created a Board of Trustees of the Police Relief and Pension Fund. Said Board of Trustees shall be constituted and the members thereof shall possess the qualifications and be chosen in the manner and hold office for the term and period of time, all according to and as provided by the General Code of Ohio.

''Sec. 2. The Board of Trustees of the Police Relief Fund, in office at the time of the passage of this ordinance, shall continue in office as Trustees of the Police Relief and Pension Fund until their successors are chosen and qualified pursuant to the provisions of Senate Bill No. 59, passed by the 95th General Assembly of Ohio and effective August 19, 1943.

''Sec. 3. That Section 1029, G. C. O., as enacted by Ordinance No. 14040, passed July 31, 1929, be and the same hereby is repealed.

"Sec. 4. For the reason stated in the preamble hereof, this ordinance is declared to be an emergency measure and shall take effect immediately upon its passage.

"Passed by the Commission, August 25, 1943.

"Signed by the Mayor, August 25, 1943.

F. M. KREBS

Mayor of the City of Dayton, Ohio

"Attest—OSCAR F. MAUCH, Clerk of the Commission."

The principal question before the Court is whether the above quoted statute invalidates the residuary gift, since the testatrix's death occurred a little over seven months after the will was executed and comes within the period prescribed in said statute.

The briefs of counsel are entirely devoted to the question whether the Police Relief and Pension Fund of Dayton, Ohio, is a benevolent or charitable purpose within the purview of Section 2107.06, Revised Code. No Ohio cases exactly in point have been found by this Court.

This Court is most impressed by the contentions of counsel for the decedent's son in this regard. While it is mandatory by law that policemen contribute a portion of their wages to the fund, and they and their dependents are the more direct beneficiaries thereof, this Court is of the opinion that the community of Dayton as a whole sufficiently benefits from purposes and existence of the fund to meet the "benevolent purpose" test of Section 2107.06, Revised Code. It is common knowledge that in this day and age pension and retirement plans aid an employer in the procurement and retention of good employees. The effectiveness of a police department depends upon continuity of employee service as doës the success of any business venture which rquires employees.

In the case In re Estate of Morgan, 173 Ohio St., 89 (1961), the Supreme Court of Ohio held that even though the pension fund of a religious sect for its employees was a separate corporation, it nevertheless satisfied the Ohio inheritance tax exemption test for "an established religious organization." After pointing out the importance of a pension plan for any organization which has employees, the Court concluded that

such a pension board is an integral part of the church and, therefore, is an established religious organization entitled to the exemption.

On much the same rational this Court is constrained to so find the testamentary gift in the case at bar to be for a benevolent purpose, to-wit, better police protection for the community of Dayton, Ohio. The employment of policemen is unquestionably a governmental function. Their week to week wages together with a pension fund which secures them and their families upon death, disability or retirement, directly aides the community of Dayton as well as the policemen and their families. Such purpose would certainly seem to be included within even the strictest definition of benevolence. According to the numerous citations in Words and Phrases, "benevolent and benevolence" is defined as having a disposition to do good on a general scale. Therefore, a gift to an organization or fund which has as one of its purposes better police protection for the whole community is a gift for a "benevolent purpose" within the purview of Section 2107.06, Revised Code.

Furthermore, Section 2107.06, Revised Code, invalidates a testamentary disposition to a "municipal corporation" if the will is executed within one year of death. Another question to be decided in the case at bar is whether the gift to the fund is a gift to the City of Dayton. This Court is of the opinion that it is.

Title seven of the Revised Code of Ohio embodies most of the statutes enacted by the state legislature with respect to municipal corporations. Section 741.32, Revised Code, provides in part:

"*In each municipal* corporation having a police department supported in whole or in part at public expenses, and employing two or more full-time regular members, *there shall be established and maintained a police relief and pension fund.*"

"A 'Board of Trustees of the Police Relief and Pension Fund' shall be established *in each such municipal corporation* . . ." (Emphasis added.)

In Section 741.31 R. C. et seq. the language of the legislature constantly uses the phrases "in each municipal corporation" and "of the municipal corporation" when making

216

reference to the fund. Thus the plain meaning of the language in the applicable statutes indicates that the fund is a part of the municipal corporation.

The language of the latter quoted section requires the establishment of such fund in mandatory terms. In the section applicable at the time the City of Dayton enacted an ordinance establishing its fund, to-wit, August 25, 1953, the cities of Ohio were given the discretion whether to establish a plan pursuant to the state statutes. See Section 4616, General Code. There are, however, numerous irreconcilable Ohio decisions concerning that point at which, regardless of the right to local self government granted by Article XVIII of the Ohio Constitution, cities become subservient to the state statutes. See *State, ex rel. Canada,* v. *Phillips,* 168 Ohio St., 191, 5 Ohio Opinions (2d), 485 (1958). The fact remains that the City of Dayton has by ordinance established the fund pursuant to the state statutes. Indeed, there is a serious question as to whether the city, even though it is a charter city, could change its policeman's retirement and pension plan. See *Thompson* v. *Marion,* 134 Ohio St., 122, 11 Ohio Opinions, 549 (1938), *Cincinnati* v. *Gamble,* 138 Ohio St., 220, 20 Ohio Opinions, 273 (1941), and *State* v. *Phillips, supra.*

Though the fund is administrated and regulations therefore enacted by the trustees selected as prescribed by Section 741.32, Revised Code, the language of that statute strongly supports the conclusion that the fund is a part of the municipal corporation.

In *Moxom* v. *State,* 36 Ohio App., 24 (1930), decided by the Court of Appeals for Cuyahoga County, it was held that the membership on the Board of Trustees of the Fireman's Fund and the Policeman's Fund held by two of the city commissioners of the charter city of East Cleveland was not such public office that violated a charter prohibition against the city commissioners holding an additional public office. The Court states:

"Under Sections 4605 and 4621, General Code, it is the council, and not the board of trustees, that in each instance levies the tax not to exceed three-tenths of a mill in order to provide funds for the payment of the pensions for the police-

men and firemen. This shows that the authority of the commission over the creation of the fund and the purpose is supreme, and the creation of the trusteeships is the vehicle by which the legislative body fulfills the purpose for which the funds are created.

"That a legislative body has the authority to create independent bodies to act as instrumentalities to carry out its purposes there can be no question, and the trend of opinion has gone in this direction so far that even Congress creates many commissions, which, in a technical if not in a practical sense, exercise legislative authority, and a special instance is where there is ample authority for the President, even though an executive, to lower and increase tariff rates under the authority of what is known as the flexible provisions of the Tariff Act. (Section 4621, General Code, same as Section 741.40 Revised Code.)"

The statute which is most instrumental in leading this Court to its conclusion herein is Section 741.40, Revised Code. This section provides that the taxing authority of the city "shall . . . in addition to all other levies authorized by law, levy a tax of three-tenths of a mill upon all the real and personal property as listed for taxation in the municipal corporation." The revenues from such levy shall pass into the fund unless the assets thereof equal a sum formulized in the statute and in such event, the excess revenues "shall be credited to the general fund of the municipal corporation." The Police Relief Fund, therefore, must necessarily be considered in the city budget.

From the latter quoted section of Ohio Law it can be determined that the effect of the testamentary gift in the case at bar is to increase the general fund of the City of Dayton by the amount thereof on the first occasion subsequent to the death of the testatrix that the fund has sufficient assets on hand as formulized in Section 741.40, Revised Code.

It should further be noted that Section 741.44, Revised Code, designates the treasurer of the city as the custodian of the funds and that Section 741.41, Revised Code, provides, inter alia, that the proceeds from the sale of unclaimed property possessed by the Police Department of the city shall pass into the fund.

Although at first blush the Police Relief and Pension Fund of the City of Dayton appears to be a statutory hybrid, after piercing the veil as shown above, it is the finding of this Court that the Police Relief and Pension Fund of the City of Dayton is by controlling statutes and in actuality so inter-related with the operation of a municipal corporation that a gift to it falls within the purview of Section 2107.06, Revised Code, as a gift to the City of Dayton, "a municipal corporation."

Although earmarked or specified for a particular fund by the testatrix, the bequest under Item V is, therefore, invalidated by the death of the testatrix within one year from the execution of her will.

An entry may be prepared accordingly, with costs to the estate.