JENNIE T. STEMMLER, DEFENDANT IN ERROR, v. THE BOROUGH OF MADISON, PLAINTIFF IN ERROR.

Argued December 6, 1911—Decided March 4, 1912.

1. As a general rule the power to pass an ordinance includes the power to repeal it.
2. Section 33 of the Borough act (*Pamph. L.* 1897, *p.* 301) provides that "The council shall have power and authority by ordinance * * * to lay out, open, &c., any street or avenue." An ordinance for the initiation of such an improvement having been passed by a borough council, a member thereof who had voted therefor demanded $1,000 for land of his that would be taken, and it was ascertained that for the lands of other owners damages would have to be paid. Upon the coming in of the report of the commissioners of assessment the ordinance was repealed, no portion of the proposed street having been actually opened. *Held*, that at this stage of the proceeding council had power to repeal its said ordinance.

On error to the Supreme Court.

The judgment of which court set aside an ordinance repealing what is designated in the case as the Oak street ordinance.

In August, 1905, the council of the borough of Madison passed an ordinance which provided for the laying out of a street from Cook avenue to Central avenue. This ordinance received four votes, one being cast by Benjamin Warren Burnet, who owned a lot which would be taken. A committee of council interviewed the property owners, and all but three offered to donate the portion of their lands required. Mr. Burnet demanded $1,000. Mrs. Danforth would not convey, and the estate of Luke C. DeHart could not convey. On March 8th, 1909, the commissioners appointed to assess damages filed a report, which on July 11th, 1910, was rejected. No conveyance for any of the lands was received by the borough, nor any damages paid to any property owner. The repealer ordinance was passed by the council and approved by the mayor November 16th, 1910. No portion of the so-called Oak street has ever been actually opened or prepared as a street by the borough.

The prosecutrix having, between the passage of the ordinance and its repeal, bought land fronting on Oak street as described in the ordinance, the Supreme Court, on a writ of *certiorari* sued out by her, held that the council had no power to repeal the ordinance.

For the plaintiff in error, *Charles A. Rathbun.*

For the defendant in error, *Edward K. Mills.*

The opinion of the court was delivered by

GARRISON, J. Of the implied power to repeal ordinances, Dillon tersely says, "The power to make includes the power to repeal." *Mun. Corp.* 314.

In *Hudson Telephone Co.* v. *Jersey City,* 20 *Vroom* 303, Justice Reed said of this implied power, "it is a general power which exists, outside of the express power conferred by the

charter, by reason of the right to pass ordinances," and such in varying form is the statement of the rule when the ordinance is not a contract or one that is, from its nature, exhausted by a single exercise. 28 *Cyc.* 383; 21 *Am. & Eng. Encycl. L.* 1002.

The implication in question may, of course, be negatived by statutory language and such, in the present case, the Supreme Court thought was the effect of sections 33 and 58 of the Borough act of 1897. We do not, however, find in these sections, or elsewhere in the act, anything that abrogates this salutary and well-nigh indispensable rule which proceeds upon the principle that when the legislature confers upon a deliberative body a power to be exercised by it, such grant, without express words, includes the ordinary incidents of the exercise of similar powers by such a body. Such incidents are by this rule presumed to have been in the legislative mind in the selection of the recipient of its delegated power. The nature of the powers to be implied depends, therefore, upon the nature of their recipient, a power conferred upon a judicial body having one set of implications, a power conferred upon a deliberative body having a totally different set. In every case something is left to implication, and the line cannot logically be drawn short of the exercise of the power by the recipient in accordance with its characteristic mode of procedure.

"Ordinance," as a term of municipal law, is the equivalent of legislative action, and hence its employment in a statute carries with it by natural, if not necessary, implication the usual incidents of such action. If this were not so, the power to pass an ordinance would not carry with it the power to introduce it, or to refer it, or to amend it, or to move for its reconsideration, or to apply to it any of the legislative or parliamentary usages that universally obtain in deliberative bodies as incidents of legislative action.

That the right to repeal is as much an incident of ordinary legislative action as the right to enact rests, as we have seen, upon sound authority, and hence must in reason be included among those powers that pass by the natural implication that

if recognized at all, as it must be, cannot logically stop short of giving full effect to the legislative will as thus construed.

That this should be so is well illustrated by a case like the present, in which an ordinance is passed at the very inception of a proceeding that in its progress may develop or disclose the gross impropriety of permitting it to proceed to a final conclusion detrimental to the public interest. In such a case it may be that the expense involved, when ascertained, renders it highly inexpedient to go on with the improvement. To such a case the remark of Chief Justice Beasley, in *O'Neill* v. *Freeholders of Hudson,* 12 *Vroom* 161, well applies: "A man of prudence," he says, "relinquishes a project when he finds the cost is likely to exceed in a large measure its benefit; it would seem intolerably unreasonable to require the agent of the public to pursue the opposite course."

If, on the other hand, it transpires, as it did in the present case, that the ordinance on which the whole proceeding rests was vitiated *ab initio* by a violation of public policy, we have a situation to which the spirit of the judicial remark just quoted applies with equal force.

If we thus assume either that the expense, when ascertained, was excessive, or that, by reason of the interest of a councilman who voted for its passage, the ordinance was invalid as against public policy, and hence voidable upon the authority of *Traction Company* v. *Board of Works,* 27 *Vroom* 431, or if for any other sufficient reason the proposed improvement was inexpedient, it is, in a sense, begging the question to argue that the sole remedy of council was to vacate the street that is thus *in fieri.* With as much show of reason it might be urged that the council should have procured a prosecutor to attack its ordinance in the courts. Such contentions do not touch the question of the power of the council to do directly by its own implied powers that which it is thus suggested it might properly do by indirection.

The question is one of statutory construction. The express grant in the present case is: "The council shall have power and authority by ordinance to lay out * * * any street," &c.

By this language, we think, the expediency of such improvements was committed wholly to the council, which by its legislative action was to give to the public the benefit of its judgment—not of its snap judgment but of its sound judgment, and not merely of its initial judgment but, if necessary, of its mature judgment—and that to this end, under the rule of construction we have discussed, the power to pass the ordinance, which was the required legislative action, included during the pendency of the proceeding, the power to repeal it.

The right of the prosecutrix to question the action of council by virtue of her *status* as a citizen, or by reason of her legal interest in the controversy (into which she, so to speak, "bought herself"), although directly challenged, has been tacitly assumed for the purpose of reaching a decision upon the merits.

The judgment of the Supreme Court is reversed and the action of the borough council is affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, JJ.   13.