WILLIAM B. LOUDENSLAGER v. THE CITY OF ATLANTIC CITY.

Submitted May 28, 1912—Decided July 10, 1912.

'The common council of Atlantic City, on May 25th, 1896, by the passage of the resolution required by the act of March 14th, 1879 (*Pamph. L.*, p. 270), established a sinking fund under the provisions of that act. On March 25th, 1912, city council passed a resolution rescinding the said resolution of May 25th, 1896, and providing for the handing over of the fund to a committee of common council. *Held*, that the power conferred by the act of 1879 in this respect was exhausted by its exercise, and that the attempted rescission of the resolution by which a sinking fund was established was nugatory and *ultra vires*, and that the handing over of the fund to common council was without legislative or legal warrant.

On *certiorari*.

Before Justice GARRISON sitting alone.

For the prosecutor, *Grey & Archer*.

For the defendant, *Harry Wootton*.

The opinion of the court was delivered by

GARRISON, J.   In 1879 the legislature passed an act, entitled "An act to enable cities to create and maintain a sinking fund for the redemption of their bonded indebtedness." *Pamph. L.* 1879, p. 270.   Section 1 of this act provides that any city of less than one hundred thousand population may, by resolution of the common council thereof, establish a sinking fund.   This Atlantic City did by a resolution of its council adopted May 25th, 1896.

The act of 1879 also provides for a "commissioner of sinking fund" to be appointed for a term of five years by the Supreme Court or a justice thereof upon the application of any city council who shall have created a sinking fund under

its provisions. This was also done, and the prosecutor as the incumbent of said office and also as a taxpayer now attacks a resolution of city council adopted on March 25th, 1912, that purports, among other things, to rescind the resolution of 1896 establishing the said sinking fund.

The establishment of a sinking fund for Atlantic City became an accomplished fact when the resolution of 1896 was adopted by the common council which thereupon, so far as this statutory grant was concerned, became *functus*. For the grant was of the right to exercise a specific statutory power and not a delegation of legislative power over a specific subject. The present case is therefore the antithesis of *Stemmler* v. *Madison*, 53 *Vroom* 596. Such statutory grant having thus been exhausted by its exercise, the rescission of such exercise was not only nugatory but *ultra vires*. The resolution of March 25th, 1912, therefore, so far as it purports to disestablish the sinking fund, is set aside.

It is argued that Atlantic City may avail itself of "An act authorizing the establishment of sinking funds in cities of this state," approved March 23d, 1881. This may be so if the object thus expressed be held to apply to cities in which a sinking fund is already established, a question to be decided when it is raised, which it certainly is not by the mere direction to the city solicitor to prepare an ordinance under said act of 1881, which is a further provision of the resolution under review.

*Non constat* that such an ordinance will be passed. A mere direction to draft an ordinance is, of course, not reviewable, but neither, on the other hand, does it justify municipal action based upon the passage of such ordinance. It is the existence of the sinking fund, not the title to the office of commissioner, that is involved. Hence the remaining provision of the resolution, viz., that the cash, bonds and securities accumulated in the sinking fund be handed over to a committee of common council, is premature, to say the least.

In view of the impotence of city council to disestablish the sinking fund by the rescission of the resolution of 1896, this provision, which treats the sinking fund as already disestablished, is clearly without legislative or legal warrant.

So much of the resolution under review as directs the city solicitor to prepare an ordinance is unassailable by the prosecutor, but so much of it as rescinds the resolution establishing the sinkng fund and directs the handing over of the fund itself to a committee of council is set aside, with costs.