WILLIAM B. LOUDENSLAGER, RELATOR, v. CITY OF ATLANTIC CITY AND ALFRED M. HESTON, RESPONDENTS.

Submitted December 5, 1912—Decided March 13, 1913.

1. Under the amendment of 1907 (*Pamph. L.*, p. 414; *Comp. Stat.*, p. 1129), to the act of 1902 (*Pamph. L.*, p. 287), adopted by Atlantic City as its charter, the failure of council to take action on an ordinance at a regular meeting to which the consideration of such ordinance was laid over, does not invalidate the ordinance if the period of four months between readings, mentioned in the amendment, has not elapsed.

2. The act of 1881 (*Comp. Stat.*, p. 946), authorizing the establishment of sinking funds in cities is not repugnant to and does not repeal the act of 1879 (*Comp. Stat.*, p. 945) "to enable cities to create and maintain a sinking fund for the redemption of their bonded indebtedness;" and a sinking fund commissioner appointed under the act of 1879 cannot be displaced by a subsequent ordinance based on the act of 1881.

---

On *certiorari*.

Before Justices TRENCHARD, PARKER and MINTURN.

For the relator, *Grey & Archer*.

For the respondents, *Harry Wootton*.

The opinion of the court was delivered by

PARKER, J. In *Loudenslager* v. *Atlantic City*, 54 *Vroom* 30, Mr. Justice Garrison, sitting for the Supreme Court, held that the common council of Atlantic City was powerless to rescind by resolution a resolution of 1896 establishing a sinking fund under the act of 1879, but refused to interfere with its direction to the city solicitor to prepare an ordinance creating a sinking fund under the act of 1881 (*Comp. Stat.,* *p.* 946), as not being reviewable; reserving the question of the sufficiency of such a proposed ordinance for the event of its actual passage and a subsequent attack on it.

The ordinance had actually been passed at the time of his decision, having been approved June 3d, 1912; and is now drawn under review by the writ in this case. It is challenged on two grounds—(1) as not passed in accordance with the procedure prescribed for ordinances under the charter governing Atlantic City; (2) as *ultra vires* in view of the act of 1879 passed on by Mr. Justice Garrison in the former case.

We find no difficulty with the first ground. The specific objection is that at a regular meeting its consideration was laid over till the next regular meeting and that at such meeting no action was taken and consequently the council lost jurisdiction. This might be the result but for the act of 1907 (*Pamph. L., p.* 414; *Comp. Stat., p.* 1129), being an amendment to the Charter act of Atlantic City (*Pamph. L.* 1902, *p.* 287), which amendment provides, among other things, that "every ordinance shall be read three times before final passage and between such readings any number of meetings during a period of not more than four months may have intervened, at which meetings no action may have been taken on said ordinance." This seems to permit the successive steps in the passage of an ordinance to be taken at the pleasure of the council and to put the public on inquiry as to action at any and every meeting from introduction to final passage.

The other objection we consider to be well taken. The act of 1879 (*Comp. Stat., p.* 945) is entitled "An act to enable cities to create and maintain a sinking fund for the redemption of their bonded indebtedness." This is the act under

which the Supreme Court justice, on application, appoints the commissioner of the sinking fund. The act of 1881, under which the defendants undertake to justify the ordinance under review, is on page 946 of the compiled statutes and is entitled "An act authorizing the establishment of sinking funds in cities of this state." It contains no express repealer of inconsistent legislation; and implied repealers are not favored in the law. *Naylor* v. *Field, 5 Dutcher* 287. An intent to repeal will not be implied unless the subsequent enactment is either clearly repugnant to the former or is manifestly intended to cover the same subject-matter by way of revision and furnish a complete substitute. *Hotel Registry Corporation* v. *Stafford, 41 Vroom* 528. These two acts are not necessarily repugnant, but rather create alternative methods of reaching a similar result, *i. e.*, the establishment of a sinking fund with proper officers either by resolution and application to a justice of this court, or by an ordinance under the act of 1881. Both had been on the statute books together for fifteen years when Atlantic City in 1896 exercised its election to establish the fund under the act of 1879. The resolution of 1896, as Mr. Justice Garrison held, could not be rescinded by resolution for reasons which he states in his opinion. For the same reasons, and because the act of 1881 does not in our view repeal or supersede that of 1879, such resolution cannot be rescinded by ordinance under the act of 1881, which should be read as applicable only to cities which had not previously taken advantage of the act of 1879. So much seems plain from its purview, which includes the creation and establishment of a sinking fund.

It follows that the ordinance brought up was *ultra vires* and must be set aside.