PER CURIAM.
Subsequent to the adoption of the Dade County Home Rule Charter, the voters were asked in 1972 to amend the Charter by adding additional power to the Board of County Commissioners to expand the City of Miami Water & Sewer Board to an agency of county-wide scope and authority. Such an amendment was approved and appears in the charter as Section 4.08(B)(0).[1]
Thereafter in 1973, pursuant to such authority, the Board of County Commissioners created an agency with county-wide authority named the Miami-Dade Water & Sewer Authority.
Some ten years later, the Board of County Commissioners repealed the ordinance establishing the latter agency and restructured it as a county department under the county manager. An action was then commenced by the appellant seeking to void this abolition ordinance. The trial court upheld the right of the county commission to abolish the county-wide agency. The amended final summary judgment reads as follows:
“THIS CAUSE came on for hearing on January 4, 1984, on the following motions: (i) Miami-Dade Water and Sewer Authority’s Motion For Summary Judgment on its Crossclaim; (ii) City of Miami’s Motion For Partial Summary Judgment on Count I of its Complaint; and (iii) Dade County’s Motion For Summary Final Judgment as to the Miami-Dade Water And Sewer Authority’s Cross-claim. The Court finds that the motions present a single question of law for the Court’s determination, there being no material questions of fact in dispute. The sole question of law raised by the foregoing motions is whether the Board of County Commissioners for Dade County has the power under its Home Rule Charter to repeal the ordinance creating and establishing the Miami-Dade Water And Sewer Authority and to place the operation of the Dade County water and sewer system under the direction of a County department responsible to the County Manager. Having fully considered the memoranda of law submitted in support of the foregoing motions, having heard argument of counsel and being otherwise fully advised in the premises, the Court hereby finds and holds as follows:
1. The plain and unambiguous language of Section 4.08(B) of the Dade County Home Rule Charter vests in the Board of County Commissioners the discretionary power to create and establish the Miami-Dade Water And Sewer Authority by ordinance. It is undisputed by the parties and this Court finds as a matter of law that the Miami-Dade Water and Sewer Authority was created and established pursuant to Ordinance No. 72-94 enacted under the authority of Section 4.08(B) of the Dade County Home Rule Charter.
*1316 2. In addition to the authority conferred on Dade County under Section 4.08(B) of the Dade County Home Rule Charter, the County has, and has had since the adoption of the Home Rule Charter, the power to own and operate a countywide water and sewer system under the direction of the County Manager. See, Sections 1.01(A)(9) and (14) of the Dade County Home Rule Charter. Section 4.08(B) was not intended to, and did not, modify or limit in any way the power conferred by Sections 1.01(A)(9) and (14) of the Dade County Home Rule Charter.
3. Under Section 4.08(B) of the Dade County Home Rule Charter, Dade County is permitted, but not required, to operate a countywide water and sewer system through the Miami-Dade Water And Sewer Authority. Since the County is not required to operate a countywide water and sewer system through the Authority, it may choose not to do so and to abolish the Authority by ordinance, and provide for the operation of a countywide water and sewer system by a County department under the direction of the County Manager.”
On appeal, the appellant contends that the Board of County Commissioners lacked the power to abolish the county-wide agency which they created by ordinance, pursuant to the 1972 amendment. We find this point not to be well taken. When a legislative body has the power to create by ordinance, it has by implication, the power to amend, modify or repeal by ordinance. See State v. Dade County, 142 So.2d 79 (Fla.1962); Parker v. Evening News Publishing Company, 54 Fla. 544, 45 So. 309 (1907); Blotter v. Farrell, 42 Cal.2d 804, 270 P.2d 481 (S.Ct. Cal.1954); Upper Penns Neck Tp., Salem County v. Lower Penns Neck Tp., Salem County, 20 N.J.Super. 280, 89 A.2d 727 (Super.Ct.N.J.1952); Stemmler v. Borough of Madison, 82 N.J.L. 596, 83 A. 85 (Ct.Err. & App.N.J.1912); Compare City of Jacksonville v. Smoot, 83 Fla. 575, 92 So. 617 (1922); City of Miami v. Rodriguez-Quesada, etc., 388 So.2d 258 (Fla. 3d DCA 1980). Therefore, the final judgment be and the same is hereby affirmed.
Affirmed.

. The Home Rule Amendment and Charter, Section 4.08 Boards.
(B) The Board of County Commissioners may by ordinance provide for the expansion of the City of Miami Water and Sewer Board to an agency county-wide in scope and authority, with the power to acquire, construct and operate water and sewer systems within the incorporated and the unincorporated areas of Dade County, which agency shall be known as the Miami-Dade Water and Sewer Authority. The Miami-Dade Water and Sewer Authority shall have the responsibility to develop and operate a countywide water and sewer system for the purpose of providing potable water, sewage collection and disposal and water pollution abatement to the citizens of Dade County.
(C) Dade County shall retain all its powers, including but not limited to that of eminent domain, in relation to the creation of a countywide water and sewer system, for the purpose of cooperating with the Miami-Dade Water and Sewer Authority.