JORGENSON, Judge.
Dade County appeals from a final judgment that declared invalid certain portions of the Dade County Code relating to the Metro-Dade Fire Rescue Service District. For the following reasons, we reverse.

History of the Ordinance

Article VIII, section 11 of the Florida Constitution (1956), granted the electors of Dade County the power to adopt, amend, and revise a home rule charter of government for Dade County and established the Board of County Commissioners as the governing body. According to Article VIII, section ll(l)(e), the charter could “provide a method for establishing new municipal corporations, special taxing districts, and other governmental units in Dade County from time to time and provide for their government and prescribe their jurisdictions and powers.” (emphasis added). Pursuant to that constitutional grant, in 1957 the voters of Dade County adopted by referendum the Home Rule Charter for Metropolitan Dade County. The Charter is paramount within Dade County, City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801 (Fla.1972), and is the fundamental law of the society that it serves. The Charter established that “the Board of County Commissioners shall be the legislative and the governing body of the county and shall have the power to carry on a central metropolitan government.” Dade County Charter § 1.01(A).
In 1980, the Board of County Commissioners passed an ordinance that created the Metro-Dade Fire and Rescue Service District. Ord. No. 80-86 § 2, creating Dade County Code § 18-24. The District was created to “ensure that all residents within the County fairly contribute toward the cost of uniform rescue and fire services,” and to “provide a fair, equitable and uniform mechanism for the delivery and funding of fire and rescue services throughout Dade County.” Ord. No. 80-86, Preamble. The 1980 ordinance made the Board of County Commissioners the governing body of the special purpose district, in accord with the Dade County Charter.[1] The ordinance provided that the Board of County Commissioners would adopt the Fire District’s annual budget and authorized the Fire District to “levy an annual ad valorem tax not to exceed three mills upon all taxable property within the district.” § 18-28. In 1986, the voters of Dade County amended the Dade County Charter to create, as the governing body of the Fire District, a five-member Fire Board. *922 The 1986 amendment provided that “the Board of County Commissioners shall not be the governing body of the Metro-Dade Fire and Rescue Service District established by Ordinance No. 80-86, but said Fire and Rescue Service District shall be governed by five members elected for initial terms of two years by the registered voters of the Metro-Dade Fire and Rescue Service District.” Dade County Charter § 1.01(A)(11) (1986). In 1987, the Dade County Commission enacted Ordinance 87-32 to implement the Charter revision. The 1987 ordinance retained the section that set the taxing rate and established that the County would adopt the Fire District’s annual budget.[2]
The dispute which led to this litigation concerns a section of the 1987 Dade County ordinance that delineated the powers of the five-member Board. Section 18-33 of the ordinance provided:
Powers of the governing body.
The governing body shall have the following duties, functions and responsibilities:
(a) To make recommendations concerning all matters relating to the provision of fire and rescue services, and to make periodic reports and recommendations in respect to such matters.
(b) To make a continuing study of the existing fire and rescue services within the district and the future needs of the district.
(c) To formulate plans and programs for the coordination of the activities of the district with the fire and rescue services provided by other governmental units within the county and in neighboring counties.
(d) To make a continuing study and periodic reports and recommendations for a sound, feasible program for financing the costs of improving existing fire and rescue services and providing additional fire and rescue services and facilities.
(e) To perform and carry out such other duties and functions as may be assigned by the county commission.
(f) To sue and be sued.
The governing body shall have no power or authority to commit the county government to any policies or to incur any financial obligation or to create any liability on the part of the county or district. No actions or recommendations of this board shall be binding upon either the county or the district until approved or adopted by the county commission.
Ord. No. 87-32, § 2, creating Dade County Code § 18-33 (emphasis added).
The newly elected Governing Board of the Fire District brought a declaratory judgment action challenging the validity of the section of the ordinance (underscored above) that limits the Board’s powers. The Board also challenged sections of the Dade County Code that provided that a midterm vacancy on the Board would be filled by appointment by the County Commission, that set the compensation of the Board members, and that allowed the County Commission to budget the District’s revenues.[3] The trial court declared all the challenged sections invalid.[4] The County appeals, and we reverse.
The trial court erred in declaring the ordinance invalid. The Fire Board enjoys only those powers conferred upon it by the County Commission. The Commission chose to limit the Fire Board’s powers of governance to those enumerated in the 1987 ordinance. Such a limitation of power *923 poses no conflict with the Charter’s mandate that the five-member Fire Board shall govern the Fire and Rescue District; it merely delineates the scope of the governing body’s powers. Simply put, the determination of what powers may be exercised by the governing body of the Fire District is not up to the governing body itself, but to the legislative body that created the district. The County Commission’s legislative authority over the governing body of the Fire District allows the Commission to determine the scope of that governing body’s powers.

The County Commission as the Legislative Body of the Fire District; The Fire Board as the Governing Body of the Fire District

The County concedes that the five elected officials of the Fire Board comprise the Fire District’s governing body pursuant to Dade County Charter § 1.01(A)(11) (1986); the Fire Board concedes that, under the same section of the Charter, the County Commission is the Fire District’s legislative body. As the legislative body, the County Commission, which created the Fire District, retains the power to abolish it. Surely, then, the County Commission can exercise the lesser power of limiting the duties and functions of the Fire Board. An entity created by statute or ordinance can only exercise the powers expressly or impliedly conferred upon it by the statute or ordinance. Forbes Pioneer Boat Line v. Board of Comm’rs of Everglades Draining Dist., 77 Fla. 742, 82 So. 346 (1919); see also Miami-Dade Water & Sewer Auth. v. Metropolitan Dade County, 503 So.2d 1314, 1316 (Fla. 3d DCA 1987) (“When a legislative body has the power to create by ordinance, it has by implication, the power to amend, modify or repeal by ordinance.”)

Structure of County Government: The Role of the County Manager; the Role of the Fire Board

The 1987 ordinance delineating the Fire Board’s powers is entirely consistent with the general organization of County government as reflected by the Charter and existing County ordinances.
The 1986 charter amendment did not alter the overall scheme of County governance under which the County Manager serves as chief executive officer and head of the administrative branch of the County government and directs County operations pursuant to a grant of authority from the County Commission. See generally Dade County Charter § 3.04. The Fire Board’s interpretation of its powers is at odds with the County’s scheme of governance and would accord the Fire Board decision-making power reserved by the Charter and the Dade County Code to the County Manager and the County Commission.
The Dade County Code includes a vast body of regulations regarding the provision of fire prevention and protection services. See, e.g., Dade County Code §§ 2-181, 2-182; 14-1 through 14-65 (1990). Section 2-182 directs the County Fire Department to provide fire protection “in the unincorporated area of the county and other areas as directed by the county manager pursuant to subsection (b) herein.” Subsection (b) provides that “[t]he county manager shall have the power to enter into agreements with one or more municipalities in Dade County to provide fire protection within such municipalities by the metropolitan Dade County Fire Department, such agreement to have the prior approval of the Board of County Commissioners of Dade County.”
Furthermore, section 2-181 of the Dade County Code, titled “County Fire Department,” established the Metropolitan Dade County Fire Department and provided that the head of the Department would be the Metropolitan Dade County Fire Chief, to be appointed by and serve at the will of the County Manager. The Dade County Code also provides that “[t]he organization and operating procedures of the department shall be described in administrative orders and regulations of the manager. The manager shall appoint such employees and other personnel as may be necessary to operate the department. The salaries and compensation of all personnel, except employees within the classified service, shall be *924 fixed by the county commission upon recommendation of the manager.” § 2-181.
It is apparent that, section 2-181 and chapter 14 of the Dade County Code place inherent limitations on the operating procedures of the Fire Board. Given these constraints, the section of the ordinance challenged in this appeal is consistent with the existing ordinance enacted September 7, 1966, and effective October 1, 1966, that created the Metropolitan Dade County Fire Department.[5]

Conclusion

Any ordinance passed by the County Commission must comport with the Dade County Charter. ■ The Fire Board argues that the 1987 ordinance is invalid because it preserves the County Commission as the Fire District’s governing body, contrary to the Charter’s requirement that the five-member Fire Board serve as the governing body. We disagree. Although the ordinance does reserve to the County Commission the ultimate decision-making authority, that reservation is mandated by the Dade County Charter. The 1986 Charter amendment merely established that “said Fire and Rescue Service District shall be governed by five members ...,” and made the Fire District’s governing body an entity distinct from the County Commission. The amendment did not set forth the powers to be enjoyed by that governing body; the determination of those powers remained within the County Commission’s province. The Charter nowhere curtails the County Commission’s authority over the very governing body that it created. To the contrary, the Charter itself compels the conclusion that the County Commission has the legislative authority to determine what areas of governance the Fire Board possesses and which areas remain in the province of the County Manager.
For the foregoing reasons, the judgment under review is reversed.[6]
BARKDULL, NESBITT, FERGUSON, LEVY and GODERICH, JJ., concur.

. As it existed in 1980, the Charter provided that "[t]he Board of County Commissioners shall be the governing body of all such [special purpose] districts and when acting as such governing body shall have the same jurisdiction and powers as when acting as the Board[.]"

.Because the Dade County Commission establishes the budget of the Metro-Dade Fire and Rescue Service District, the district is a dependent special district. Fla.Stat. § 189.403(2) (1989) ("‘Dependent special district’ means a special district that meets at least one of the following criteria: ... (d) The district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality.”), replacing Fla.Stat. § 218.31(6) (1987) ('“Dependent special district’ means a special district ... whose budget is established by the local government authority.”). See also Hudson, Special Taxing Districts in Florida, 10 Fla. St.U.L.Rev. 50, 53 (1982).

. Dade County Code, §§ 18-27(c) & (e) (1987).

. The trial court did not declare invalid the section that gave the Fire Board the right to sue and be sued.

. Sections 2-182 and chapter 14 of the Dade County Code are not cross-referenced to section 18-33. At oral argument, counsel for the Board candidly admitted that he did not know how the sections related to each other.

. We certify to the Supreme Court of Florida that the questions resolved in this case are ones of great public importance.