616 So.2d 966 (1993)
METRO-DADE FIRE RESCUE SERVICE DISTRICT, Petitioner,
v.
METROPOLITAN DADE COUNTY, Respondent.
No. 79164.
Supreme Court of Florida.
April 8, 1993.
*967 Bruce Rogow of Bruce S. Rogow, P.A., and Beverly Pohl, Fort Lauderdale, for petitioner.
Robert A. Ginsburg, Dade County Atty., Murray A. Greenberg, First Asst. County Atty. and Lee Kraftchick and William X. Candela, Asst. County Attys., Miami, for respondent.
HARDING, Justice.
We have for review Metropolitan Dade County v. Metro-Dade Fire Rescue Service District, 589 So.2d 920 (Fla. 3d DCA 1991), in which the Third District Court of Appeal certified to this Court the questions resolved by its opinion as ones of great public importance. Id. at 924 n. 6. The district court did not articulate a question; however, we have constructed the following question for resolution:
DOES THE DADE COUNTY COMMISSION HAVE LEGISLATIVE AUTHORITY OVER THE METRO-DADE FIRE AND RESCUE SERVICE DISTRICT TO DETERMINE WHAT SPECIFIC GOVERNING POWERS THE DISTRICT'S GOVERNING BODY MAY EXERCISE WHEN THE VOTERS OF DADE COUNTY HAVE PASSED AN AMENDMENT TO THE COUNTY CHARTER WHICH SPECIFICALLY STATES THAT THE COUNTY COMMISSION SHALL NOT BE THE GOVERNING BODY OF THE DISTRICT?
We have jurisdiction. Art. V., § 3(b)(4), Fla. Const. We answer the question in the negative and quash the decision of the district court regarding section 18-33 of Ordinance 87-32 and we approve the district court's decision validating section 18-27 of Ordinance 87-32.
In 1980, the Board of County Commissioners for Dade County (Commission) enacted an ordinance creating a special purpose district called the "Metro-Dade Fire and Rescue Service District" (District).[1] In accordance with the Dade County Charter at the time, the 1980 ordinance made the Commission the governing body of the special purpose district.[2] The 1980 ordinance authorized the Commission, inter alia, to adopt the District's budget and provided the District the authority to "levy an annual ad valorem tax not to exceed three (3) mills upon all taxable property within the district." Dade County, Fla., Code § 18-28 (1987).
In 1986, the Dade County voters amended the Charter[3] to remove the Commission *968 as the "governing body" of the District and replaced the Commission with the Fire and Rescue Service District Board (Fire Board), a board of five members to be elected by the registered voters within the District.[4] In June 1987, the Commission enacted Ordinance No. 87-32 which amended section 18-27, concerning membership on the Fire Board, and enacted section 18-33, concerning the governing powers of the Fire Board.
In March 1988, the voters of the District elected the members of the Fire Board. Subsequently, the Fire Board brought an action in the circuit court challenging the validity of section 18-27, entitled "Membership on Governing Body", and section 18-33, entitled "Powers of the Governing Body". The trial court granted relief and declared section 18-27(c), (d), and (e), and section 18-33, except for subsection (f), invalid. On appeal, the district court, sitting en banc, reversed and held that:
The trial court erred in declaring the ordinance invalid. The Fire Board enjoys only those powers conferred upon it by the County Commission. The Commission chose to limit the Fire Board's powers of governance to those enumerated in the 1987 ordinance. Such a limitation of power poses no conflict with the Charter's mandate that the five-member Fire Board shall govern the Fire and Rescue District; it merely delineates the scope of the governing body's powers. Simply put, the determination of what powers may be exercised by the governing body of the Fire District is not up to the governing body itself, but to the legislative body that created the district. The County Commission's legislative authority over the governing body of the Fire District allows the Commission to determine the scope of that governing body's powers.
Metropolitan Dade County, 589 So.2d at 922-923. On review before this Court, the Fire Board challenges the district court's conclusion that sections 18-33 and 18-27(e) do not violate the 1986 amendment to the Charter. The Fire Board argues that the district court erred in declaring the ordinances valid because the district court failed to give effect to the plain language of the 1986 amendment to the Charter that the Fire Board is the governing body of the District. Moreover, the Fire Board argues that because the Charter mandates that the Fire Board is the governing authority, the Commission cannot legislate contrary to the Charter. We agree and find Judge Cope's dissent in the opinion below persuasive.
The Charter as amended in 1986 is the constitution and the fundamental law of Dade County. See City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801 (Fla. 1972) (holding that the Charter is the paramount law within Dade County). "The main purpose in construing constitutional provisions is to ascertain the intent of the framers and to effectuate the object designed to be accomplished." Metropolitan Dade County v. City of Miami Beach, 396 So.2d 144, 146 (Fla. 1980).
The 1986 amendment to the Charter has two parts: 1) "The Board of County Commissioners shall not be the governing body of the Metro-Dade Fire and Rescue Service District... ."; and 2) the "Fire and Rescue Service District shall be governed by five members elected ... by the registered voters *969 of the ... District." Dade County, Fla., Charter § 1.01(A)(11) (1986) (emphasis added). As the dissent below states:
The amendment could not be clearer. The 1986 amendment required the transfer of the "governing body" responsibilities from the County Commission to a Fire and Rescue Service Board which would be elected by the residents of the Service District itself.
Metropolitan Dade County, 589 So.2d at 926 (Cope, J., dissenting).
In determining the intent of the 1986 amendment, we agree with the dissent below that it is the court's function to interpret the Charter's phrase, "governing body." The court can determine the meaning of "governing body" from its plain language as well as the actions of the Commission, which served as the governing body of the district from 1980 to 1986. As the dissent below states:
The term "governing body" is a generic term which has long been in the Charter. Id. § 1.01(A)(11). The Charter applies that term to all special purpose districts, and not uniquely to the Fire and Rescue Service District. Id. The Charter does not itself contain a definition of the term, and the trial court correctly ruled that the term "governing body" must be given its usual and obvious meaning. See City of Jacksonville v. Glidden Co., 124 Fla. 690, 169 So. 216, 217 (1936); Seaboard System R.R., Inc. v. Clemente, 467 So.2d 348, 355 (Fla. 3d DCA 1985).
Under a standard definition, the "[g]overning body of [an] institution, organization or territory means that body which has ultimate power to determine its policies and control its activities." Black's Law Dictionary 625 (5th ed. 1979) (citation omitted). Similarly, "govern" means "to direct and control, rule, or regulate, by authority." Id.

Metropolitan Dade County, 589 So.2d at 928 (Cope, J., dissenting). Further, while the record is not clear exactly what duties and activities the Commission exercised as the District's governing body between 1980 and 1986, it is certain that the Commission did not act as an advisory entity making recommendations to another body concerning the final policy of the District. Thus, we construe the term "governing body" to mean that the voters intended that the Fire Board have the last word concerning policies and control over the District.
The question for this Court to resolve is whether sections 18-33 and 18-27(c), (d) and (e) infringe on the governing powers reserved for the Fire Board by the Charter.
The text of section 18-33 outlining the powers of the Fire Board provides:
Sec. 18-33. Powers of the governing body.
The governing body shall have the following duties, functions and responsibilities:
(a) To make recommendations concerning all matters relating to the provision of fire and rescue services, and to make periodic reports and recommendations in respect to such matters.
(b) To make a continuing study of the existing fire and rescue services within the district and the future needs of the district.
(c) To formulate plans and programs for the coordination of the activities of the district with the fire and rescue services provided by other governmental units within the county and in neighboring counties.
(d) To make a continuing study and periodic reports and recommendations for a sound, feasible program for financing the costs of improving existing fire and rescue facilities and services and providing additional fire and rescue services and facilities.
(e) To perform and carry out such other duties and functions as may be assigned by the county commission.
(f) To sue and be sued.

The governing body shall have no power or authority to commit the county government to any policies or to incur any financial obligation or to create any liability on the part of the county or district. No actions or recommendations of this board shall be binding upon either the county or the *970 district until approved or adopted by the county commission.

Dade County, Fla., Code § 18-33 (as amended in 1987) (emphasis added).
The final paragraph of section 18-33 is the crux of the case.[5] The Commission makes three arguments to support its contention that section 18-33 is valid: 1) the Commission has the full authority to abolish the district; therefore it follows that the Commission has the lesser power to limit the District's powers; 2) the Charter does not delineate the powers of the Fire Board; therefore the Commission may legislate the District's powers; and 3) the District is a special dependent district; therefore the District and the Fire Board possess no powers other than those granted by the Commission. We disagree. Although the Commission has legislative powers and may even abolish the District, the Commission cannot use its legislative authority contrary to the express terms of the Charter. The 1986 amendment to the Charter empowers the Fire Board as the "governing authority" of the District. The language of section 18-33 requires that the Fire Board seek the approval of the Commission before any actions or recommendations are binding. In effect, the ordinance makes the Fire Board an advisory entity to the Commission and ignores the language of the 1986 amendment to the Charter. A rule of constitutional construction requires that the 1986 amendment to the Charter override anything that is inconsistent with its clear mandate. Cf. Floridians Against Casino Takeover v. Let's Help Florida, 363 So.2d 337, 341-342 (Fla. 1978) (when a newly adopted amendment conflicts with preexisting constitutional provisions, the new amendment necessarily supersedes the previous provisions), receded from on other grounds, Fine v. Firestone, 448 So.2d 984 (Fla. 1984). Thus, it is clear that the 1986 amendment to the Charter takes precedence over the ordinances.
Furthermore, we reject the Commission's argument that the District and the Fire Board possess only those powers conferred by the Commission. The Commission relies on Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 77 Fla. 742, 82 So. 346 (1919), which holds that special districts and their governing bodies possess no powers other than those expressly granted by law. We find that Forbes Pioneer Boat Line is distinguishable from the instant case. The instant case involves the Commission's attempt to pass an ordinance that contravenes the constitution of Dade County, the Charter. Unlike the instant case, Forbes Pioneer Boat Line did not involve the question of whether the Florida Legislature's enabling legislation contravened the Florida Constitution. Thus, we find that the rationale behind Forbes Pioneer Boat Line is not applicable to the instant case.
Next, we address whether section 18-27 infringes on the Fire Board's governing authority over the District. The text of section 18-27 follows:
Sec. 18-27. Membership on Governing Body.
(a) The governing body of the district shall be comprised of five (5) members elected on March 8, 1988, or at any earlier countywide election, for initial terms of two (2) years by the registered voters of the district.
(b) Each member shall be a qualified elector of Dade County residing within the district.
(c) In the event of a vacancy on the governing body, the members of the board of county commissioners, shall by majority vote, appoint a qualified individual to serve the remainder of the member's term for whom the replacement is appointed.
(d) The chairperson and vice chairperson of the governing body shall be selected by a majority of the members of the governing body.
(e) Members of the governing body shall serve without compensation, salary or remuneration of any nature, but the *971 county commission may provide in the annual district budget sufficient funds for the reasonable and necessary expenses incurred by the members in the performance of their duties and functions.
Dade County, Fla., Code § 18-27 (1987). The trial court invalidated subsections 18-27(c), (d), and (e) of the Code. The district court reversed and we agree.
Subsection (c) provides that the Commission will fill a midterm vacancy on the governing board, and subsection (d) provides that the governing body will select its own chairperson by a majority vote. Subsection (e) has two parts: 1) the members of the Fire Board will serve without compensation; and 2) the Commission may provide in the annual district budget sufficient funds for the reasonable and necessary expenses incurred by the Fire Board members in the performance of their duties. Clearly subsections (c) and (d) and first clause of (e) do not infringe on the Fire Board's powers to govern the district. Section 18-28 draws a distinction between the Fire Board's power to tax and the Commission's power to adopt a budget.[6] In its summary judgment motion, the Fire Board did not challenge the validity of section 18-28, but did challenge section 18-27(e), the power of the Commission to budget expenses for the Fire Board's members. Therefore, we presume that the Fire Board did not perceive that the Commission's power to adopt the district's budget, which is far broader than providing for the expenses of the Fire Board's members, interfered with the Fire Board's right to govern. Consequently, on the record before us the Fire Board did not establish in its motion for summary judgment that section 18-27(e) is invalid.
The next question is what remedy would be appropriate after finding that section 18-33 is invalid. At oral argument, the Fire Board indicated that if the Court declared the ordinances invalid there would be no need to fashion a remedy. Rather, the parties would start again with a "clean slate." There is nothing to indicate that the parties cannot resolve this matter by implementing a new ordinance consistent with the 1986 amendment to the Charter.
Accordingly, we answer the certified question in the negative, and approve the decision of the district court concerning section 18-27 and quash the district court's decision concerning section 18-33.
It is so ordered.
BARKETT, C.J., and SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, concurring in part, dissenting in part.
I would approve in full the majority opinion under review.
OVERTON, J., concurs.
NOTES
[1] The ordinance, No. 80-86, section 2, creating Dade County, Florida, Code section 18-24 (1980), codified the ordinances at issue as Metropolitan Dade County, Florida, Code sections 18-24 through 18-32 (1987). The 1980 ordinance required that a majority of the Dade County electorate approve the ordinance in a special election before the ordinance became effective. The voters approved the creation of the District in September 1980.
[2] In 1980, Dade County Charter, Section 1.01(A)(11) provided that:

The Board of County Commissioners shall be the governing body of all such districts and when acting as such governing body shall have the same jurisdiction and powers as when acting as the Board.
[3] The 1986 amendment to the Charter, section 1.01(A)(11) now reads in pertinent part, with amended language underscored as follows:

Section 1.01. POWERS.
A. The Board of County Commissioners shall be the legislative and the governing body of the county and shall have the power to carry on a central metropolitan government. This power shall include but shall not be restricted to the power to:
... .
11. By ordinance, establish, merge, and abolish special purpose districts within which may be provided police and fire protection... . [P]rovided, however, the Board of County Commissioners shall not be the governing body of the Metro-Dade Fire and Rescue Service District established by Ordinance No. 80-86, but said Fire and Rescue Service District shall be governed by five members elected for initial terms of two years by the registered voters of the Metro-Dade Fire and Rescue Service District.
Dade County Charter, section 1.01(A)(11), September 1986, (emphasis added).
[4] Under the terms of the 1980 ordinance, cities were allowed to continue providing their own fire and rescue service if they so chose. Such cities were allowed to opt out of participation in the District. Four of the largest cities, Miami, Miami Beach, Coral Gables, and Hialeah, elected to do so. As a result the District covers approximately sixty-five percent of Dade County's population.
[5] Section 18-33(f) gave the governing body the power "[t]o sue and be sued." Because the Commission concedes that the Fire Board has this power, subsection (f) is not an issue.
[6] Section 18-28 of the Dade County, Florida Code (1987), entitled "Annual budget and tax" provides as follows:

The annual budget for the district shall be adopted by the board of county commissioners in such manner as may be provided by law. The district shall levy an annual ad valorem tax not to exceed three (3) mills upon all taxable property within the District. The tax shall be assessed, levied and collected, in the manner provided by law.